■ ERNEST PORTER, Appellant, v WESTCHESTER COUNTY MEDICAL CENTER, Defendant, and WHITE PLAINS HOSPITAL CENTER et al., Respondents. [675 NYS2d 364] —In an action to recover damages, *inter alia,* for medical malpractice and false imprisonment, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (DiBlasi, J.), dated June 23, 1997, as granted the respective motions of the defendant White Plains Hospital Center, Suzi Schuder and Kaiser Permanente, and Richard Gable, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

Following a hearing held in an earlier proceeding commenced pursuant to the Mental Hygiene Law, the appellant was found to be mentally ill and a retention order was issued by the Supreme Court, Westchester County, dated January 27, 1995. A valid, binding, and enforceable court order obtained and issued in accordance with the Mental Hygiene Law precludes the relitigation of the issues determined therein in a later action to recover damages (*see, Kulak v City of New York,* 88 F3d 63; *Warner v State of New York,* 297 NY 395; *Rosario v State of New York,* 33 AD2d 122, *affd* 36 NY2d 901). Accordingly, the Supreme Court properly found that the appellant was collaterally estopped from relitigating the question of his mental condition.

Furthermore, the court properly determined that the appellant failed to adequately establish the existence of a meritorious claim. A confinement pursuant to Mental Hygiene Law article 9 is deemed privileged in the absence of medical malpractice (*see, Ferretti v Town of Greenburgh,* 191 AD2d 608). Here, the issue of the appellant's confinement was adjudicated at a hearing held in the prior proceeding, at which time it was determined that he was suffering from mental illness which required confinement. Thus, there being no malpractice on the part of the defendants, their confinement of the appellant pursuant to Mental Hygiene Law article 9 was privileged. Accordingly, summary judgment dismissing the complaint was properly granted.

The appellant's remaining contentions are without merit. Sullivan, J. P., Joy, Krausman and Florio, JJ., concur.