■ In the Matter of ROLANDE JOSEPH, Appellant, v PAUL ROLDAN, Respondent-Respondent. REGO ESTATES, Intervenor-Respondent. [733 NYS2d 721] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal, dated July 29, 1999, which denied a petition for administrative review and confirmed a determination of the District Rent Administrator dated July 12, 1996, that the petitioner's apartment had been decontrolled and that the apartment was subject to the Rent Stabilization Code, the petitioner appeals from a judgment of the Supreme Court, Queens County (Berke, J.), dated May 12, 2000, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs.

The petitioner seeks to overturn a determination of the New York State Division of Housing and Community Renewal (hereinafter the DHCR) that her apartment was regulated pursuant to the Rent Stabilization Law rather than the Rent Control Law. However, the DHCR records showed that the apartment had been decontrolled pursuant to an order of its predecessor, the New York City Department of Housing Preservation and Development dated July 2, 1972, under Docket No. 2AD21561, at a time when that agency administered the Rent Control Law. An order from that agency dated August 23, 1983, stated, in pertinent part, that the "[s]ubject apartment 'A' is decontrolled pursuant to Section 2F 9 of the Rent and Eviction

Regulation, under docket 2AD 21561." Neither the 1972 order nor the 1983 order was appealed.

The Supreme Court properly found that the 1972 and 1983 orders were properly issued, and could not be collaterally attacked by the petitioner in the instant proceeding. A collateral attack upon a prior order is impermissible (see, Chatsworth 72nd St. Corp. v Rigai, 71 Misc 2d 647, affd 74 Misc 2d 298, affd 43 AD2d 685, affd 35 NY2d 984; Matter of Dominguez v Sanders, 215 AD2d 557; Stone v Goldberg, 215 AD2d 180), even where the prior order is a determination of an administrative agency. When such a determination becomes final, it is conclusive and binding (see, Bernstein v Birch Wathen School, 71 AD2d 129, affd 51 NY2d 932; Capital Tel. Co. v Pattersonville Tel. Co., 56 NY2d 11).

Having failed to challenge either the 1972 or 1983 order, the petitioner cannot now collaterally attack those orders at this late date, almost 30 years after the initial order finding the apartment was not rent-controlled. H. Miller, J. P., Townes, Crane and Cozier, JJ., concur.