■ Miroslav Krajca, Appellant, v City of New York et al., Respondents. [758 NYS2d 685] —In an action to recover damages for false imprisonment, the plaintiff appeals from an order of the Supreme Court, Kings County (Jones, J.), dated December 17, 2001, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On April 22, 1991, the Supreme Court issued an order pursuant to Social Services Law § 473-c granting officials of the Department of Social Services (hereinafter DSS) access to the plaintiff's premises to conduct an evaluation to determine whether he was a person in need of protective services for adults. The plaintiff did not appeal or move to vacate this order. On May 6, 1991, the plaintiff was removed from his residence and taken to Kings County Hospital (hereinafter the hospital) for further psychiatric evaluation, pursuant to Mental Hygiene Law § 9.41, after a DSS psychiatrist determined that he was suffering from paranoid delusions that could render him a danger to himself or others.

Thereafter, the plaintiff was given notice that he was admitted to the hospital on an emergency basis for immediate observation, care, and treatment, pursuant to Mental Hygiene Law § 9.39. The notice indicated, inter alia, that the plaintiff could be retained for a period of up to 15 days if another member of the psychiatric staff confirmed the initial finding of the admitting physician within 48 hours of the time of the plaintiff's admission. The notice further indicated that the plaintiff could request a court hearing if he felt that he was not in need of immediate observation, care, and treatment, and that he had the right to be represented by an attorney from Mental Hygiene Legal Services (hereinafter MHLS).

A hearing was subsequently conducted before the Supreme Court in which the plaintiff was represented by a MHLS attorney. The hearing resulted in an order dated May 14, 1991, denying the plaintiff's application for release and authorizing the hospital to retain him for the balance of the 15-day period pursuant to Mental Hygiene Law § 9.39. The plaintiff did not appeal or move to vacate this order.

After the expiration of the 15-day period on May 22, 1991, an application was made for the involuntary hospital admission of the plaintiff pursuant to Mental Hygiene Law § 9.27, and a hearing was held on June 19, 2001, on the issue of the plaintiff's continued retention. After the hearing, the Supreme Court ordered the plaintiff's release, finding that there was no clear and convincing evidence that he was mentally ill and in need of retention. The plaintiff subsequently commenced this action to recover damages for false imprisonment, challenging, inter alia, the propriety of both the April 22, 1991, access order and the May 14, 1991, retention order.

"A valid, binding, and enforceable court order obtained and issued in accordance with the Mental Hygiene Law precludes the relitigation of the issues determined therein in a later action to recover damages" (*Porter v Westchester County Med. Ctr.*, 252 AD2d 518, 519 [1998]) Further, "[a] collateral attack upon a prior order is impermissible" (*Matter of Joseph v Roldan*, 289 AD2d 243, 244 [2001]; *see H&C Dev. Group v First Vt. Bank & Trust Co.*, 280 AD2d 643 [2001]).

The plaintiff is now precluded from challenging the validity of the May 14, 1991, retention order. The plaintiff challenged his continued retention at a hearing following which the Supreme Court denied his application for release, and authorized the hospital to retain him for the balance of the 15-day period, pursuant to Mental Hygiene Law § 9.39. The plaintiff never appealed nor moved to vacate this order.

The plaintiff is also precluded from challenging the propriety of the April 22, 1991, access order, as he never appealed or moved to vacate that order. In any event, the plaintiff's challenge to the April 22, 1991, access order is without merit since the order did not authorize his detention, but rather granted DSS officials access to the plaintiff's premises to conduct an evaluation.

In light of our determination, we need not reach the plaintiff's remaining contention. S. Miller, J.P., Goldstein, Cozier and Mastro, JJ., concur.