In an action to recover damages for false imprisonment, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Bruno, J.), dated November 4, 2002, which granted the defendants’ motion for summary judgment dismissing the complaint and dismissed the complaint.
Ordered that the order and judgment is affirmed, with costs.
“A valid, binding, and enforceable court order obtained and issued in accordance with the Mental Hygiene Law precludes the relitigation of the issues determined therein in a later action to recover damages” (Porter v Westchester County Med. Ctr., 252 AD2d 518, 519 [1998]; see Krajca v City of New York, 305 AD2d 375, 376 [2003]). Further, “[a] collateral attack upon a prior order is impermissible” (Matter of Joseph v Roldan, 289 AD2d 243, 244 [2001]; see Krajca v City of New York, supra).
In the instant case, the plaintiff was afforded an opportunity to challenge the propriety of his involuntary commitment at a May 5, 1988, mental health hearing, following which the *561 Supreme Court denied his application for release, finding him mentally ill and in need of retention. The plaintiff did not appeal from this order or seek to vacate it. Thus, he is collaterally estopped from relitigating the issue of his involuntary commitment. Accordingly, summary judgment dismissing the complaint was properly granted.
The plaintiff’s remaining contentions are without merit. Prudenti, P.J., Altman, Smith and Crane, JJ., concur.