10-2144-cv
Kraft v. City of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of October, two thousand eleven.

PRESENT:

JOHN M. WALKER, Jr.,
CHESTER J. STRAUB,
DEBRA ANN LIVINGSTON,
        *Circuit Judges.*

_____

TIMOTHY KRAFT,

        *Plaintiff-Appellant*,

        v.                                                          No. 10-2144-cv

CITY OF NEW YORK, P.O. BRETT BARA, P.O. JOSE BUENO, THE NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, DR. ELI GREENBERG, DR. FADI HADDAD, DR. ALYSON MALOY, P.O.S JOHN AND JANE DOE #1-10, individually and in her official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown), HHC PERSONNEL JOHN AND JANE DOE # 11-20, E.M.S. SUPERVISOR JOHN DOE #21,

        *Defendants-Cross-*
        *Defendants-Appellees*,

COMMON GROUND COMMUNITY H.D.F.C., INC., CENTER FOR URBAN COMMUNITY SERVICES, ROSANNE HAGGERTY, NANCY PORCARO, ORETHA FRANKLIN, MICHAEL GIORDANO, STACY NERI, DAWN BRADFORD,

*Defendants-Cross-Claimants-Cross-Defendants-Appellees*,

AMY COHEN,

*Defendant-Cross-Defendant*,[*]

_____

TIMOTHY KRAFT, *pro se*, New York, New York, *for Plaintiff-Appellant Timothy Kraft.*

DEBORAH A. BRENNER *for* Michael A. Cardozo, New York City Corporation Counsel, New York, New York, *for Defendants-Appellees City of New York, P.O. Brett Bara, P.O. Jose Bueno, The New York City Health and Hospitals Corporation, Dr. Eli Greenberg, Dr. Fadi Haddad, and Dr. Alyson Maloy.*

Matthew W. Naparty; Richard J. Montes; Mauro Lilling Naparty LLP, Great Neck, New York, *for Defendants-Appellees Common Ground Community H.D.F.C., Inc., Rosanne Haggerty, Nancy Porcaro, Oretha Franklin, and Michael Giordano.*

Thomas A. Catalano, Lester Schwab Katz & Dwyer, LLP, New York, New York, *for Defendants-Appellees Center for Urban Community Services, Inc., Stacy Neri, and Dawn Bradford.*

Appeal from the United States District Court for the Southern District of New York (Denny Chin, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment and order of the district court are **AFFIRMED**.

_____

[*] The Clerk of the Court is directed to amend the caption to read as shown above.

2

Plaintiff-Appellant Timothy Kraft, proceeding *pro se*, appeals the district court's judgment, entered March 19, 2010, granting summary judgment in favor of the defendants with respect to his 42 U.S.C. § 1983 and state law claims arising from his involuntary hospitalization, and the district court's post-judgment order, entered April 21, 2010, denying his motion for reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment *de novo*, and "will uphold the judgment only if the evidence, viewed in the light most favorable to the party against whom it is entered, demonstrates that there are no genuine issues of material fact and that the judgment was warranted as a matter of law." *Molinari v. Bloomberg*, 564 F.3d 587, 595 (2d Cir. 2009) (quoting *Barfield v. N.Y. City Health & Hosp. Corp.*, 537 F.3d 132, 140 (2d Cir. 2008)). We review a district court's order denying reconsideration for abuse of discretion. *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 131-32 (2d Cir. 1999). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990)) (reviewing denial of Fed. R. Civ. P. 60(b) motion).

Here, an independent review of the record and relevant case law reveals that the district court properly granted summary judgment in favor of the defendants on Kraft's claims. We affirm for substantially the same reasons stated by the district court in its thorough and well-reasoned opinion. *See Kraft v. City of New York*, 696 F. Supp. 2d 403 (S.D.N.Y. 2010). Kraft's arguments on appeal — many of which merely reiterate arguments he made in opposition to summary judgment and for

3

reconsideration below — fail largely for the reasons that the district court rejected them below.[1]

Finally, the district court did not abuse its discretion in denying Kraft's reconsideration motion, as Kraft failed to demonstrate that the district court's decision granting summary judgment was based upon an erroneous view of the law or a clearly erroneous assessment of the evidence.

We have considered all of Kraft's arguments and find them to be without merit. Accordingly, we AFFIRM the judgment and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] While Kraft also argues on appeal that Appellee Haddad's decision to admit him to the psychiatric ward of Bellevue Hospital was contrary to the requirements of New York State Mental Hygiene Law § 9.39, he failed to make this argument below when represented by counsel. "The law in this Circuit is clear that where a party has shifted his position on appeal and advances arguments available but not pressed below, . . . waiver will bar raising the issue on appeal." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 124 n.29 (2d Cir. 2005) (quoting *United States v. Braunig*, 553 F.2d 777, 780 (2d Cir. 1977).

4