This appeal arises from the plaintiffs involuntary hospitalization on September 13, 2005. The underlying facts of the plaintiffs interaction with Nassau County police officers, and his subsequent transportation and admission to Nassau County University Medical Center for 16 days, are essentially undisputed by the parties.
After his release from confinement, the plaintiff commenced an action (hereinafter the federal action) in the United States District Court for the Eastern District of New York (hereinafter the District Court), against Nassau Health Care Corporation (hereinafter NHCC), the corporate parent of Nassau County University Medical Center, as well as the Nassau County Police Department, the individual police officers who arrested and detained him, and the doctors who treated him. In the federal action, the plaintiff asserted causes of action pursuant to 42 USC § 1983, alleging violations of his Fourth and Fourteenth Amendment rights, as well as state common-law causes of action alleging false arrest, false imprisonment, and intentional infliction of emotional distress. The plaintiff stipulated to voluntarily discontinue the federal action against all of the defendants except NHCC. Thereafter, NHCC moved for summary judg *620 ment dismissing the complaint in the federal action insofar as asserted against it. The District Court granted the motion, in part, and dismissed the complaint in its entirety. With regard to the claims arising under federal law, the District Court held that NHCC had not violated the plaintiffs Fourth or Fourteenth Amendment rights, explaining that no reasonable finder of fact could conclude, based on the evidence submitted by NHCC, that NHCC had unlawfully deprived the plaintiff of his constitutional rights. Specifically, the District Court held that the evidence established that the hospital physicians had properly concluded that the plaintiff posed a danger either to himself or to others and, therefore, his involuntary admission into the hospital was warranted. Moreover, the District Court found that the hospital followed the procedural requirements of the Mental Hygiene Law, and that the care and treatment rendered by the doctors were appropriate, medically indicated, and in complete conformity with accepted standards of treatment and care. Accordingly, the plaintiff was neither deprived of his liberty without procedural due process, nor unreasonably seized by virtue of his involuntary commitment. Upon dismissal of the claims arising under federal law, the District Court declined to exercise its supplemental jurisdiction over the state common-law causes of action, and dismissed those causes of action without prejudice.
The plaintiff then commenced this action in the Supreme Court, Nassau County, and asserted, essentially, the same state common-law causes of action previously asserted in the complaint in the federal action, with the addition of a medical malpractice cause of action. As was the case in the federal action, the instant action was voluntarily discontinued insofar as asserted against all of the named defendants other than NHCC, leaving NHCC as the sole remaining defendant.
NHCC answered the complaint in this action, and thereafter moved, inter alia, for summary judgment dismissing the complaint on the ground that the instant action was barred by the doctrine of collateral estoppel. NHCC argued that, in dismissing the complaint in the federal action, the District Court had made certain findings of fact and conclusions of law in NHCC’s favor and since the claims stated in the complaint in the instant action were identical to the claims stated in the complaint in the federal action, the complaint in the instant action should likewise be dismissed.
In an order entered April 25, 2011, the Supreme Court denied those branches of NHCC’s motion which were for summary judgment dismissing the false arrest, false imprisonment, and intentional infliction of emotional distress causes of action, *621 concluding that, since those specific causes of action were not previously adjudicated by the District Court, the doctrine of res judicata was inapplicable to those claims. However, the Supreme Court granted those branches of NHCC’s motion which were for summary judgment dismissing the causes of action which alleged that the plaintiff’s involuntary commitment violated the Mental Hygiene Law and that NHCC committed medical malpractice by retaining the plaintiff against his will, concluding that the plaintiff was collaterally estopped from relitigating the issue of the propriety of his involuntary commitment under the Mental Hygiene Law or the appropriateness of the care he received. The Supreme Court held that the District Court had both analyzed whether NHCC’s actions comported with the Mental Hygiene Law and concluded that they had complied with that law’s requirements. The Supreme Court further noted that the District Court had also concluded that the plaintiff failed to raise a triable issue of fact to rebut NHCC’s showing that the care and treatment rendered to the plaintiff comported with generally accepted standards of medical care. Accordingly, the Supreme Court determined that those causes of action were barred by the doctrine of collateral estoppel.
On appeal, NHCC contends that the Supreme Court erred in denying those branches of its motion which were for summary judgment dismissing the causes of action alleging false arrest, false imprisonment, and intentional infliction of emotional distress. NHCC argues that, since the District Court concluded that the plaintiffs involuntary commitment was wholly proper, the plaintiff was collaterally estopped from attempting to relitigate that issue in the context of the state common-law causes of action. We agree and reverse the order insofar as appealed from.
The doctrine of collateral estoppel bars relitigation of an issue which has necessarily been decided in a prior action and is determinative of the issues disputed in the present action, provided that there was a full and fair opportunity to contest the decision now alleged to be controlling (see Tydings v Greenfield, Stein & Senior, LLP, 11 NY3d 195, 199 [2008]; Buechel v Bain, 97 NY2d 295, 303-304 [2001], cert denied 535 US 1096 [2002]; Mahler v Campagna, 60 AD3d 1009, 1011 [2009]; York v Landa, 57 AD3d 980 [2008]). The party seeking the benefit of the doctrine of collateral estoppel must establish that the identical issue was necessarily decided in the prior action and is determinative in the present action (see Buechel v Bain, 97 NY2d at 304). Once the party invoking the doctrine discharges his or her burden in that regard, the party to be *622 estopped bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior determination (id.).
In order to prevail on a cause of action seeking to recover damages for false arrest or false imprisonment, the plaintiff must prove that (1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged (see Rivera v County of Nassau, 83 AD3d 1032 [2011]). Commitment pursuant to Mental Hygiene Law article 9 is privileged in the absence of medical malpractice (see Matter of E.K. v State of New York, 235 AD2d 540 [1997]; Ferretti v Town of Greenburgh, 191 AD2d 608, 610 [1993]). Thus, in order to recover damages for false arrest or false imprisonment under such circumstances, a plaintiff must establish medical malpractice (see Matter of E.K. v State of New York, 235 AD2d 540 [1997]; Ferretti v Town of Greenburgh, 191 AD2d at 610).
Here, the Supreme Court granted that branch of NHCC’s motion which was for summary judgment dismissing the cause of action alleging medical malpractice on the ground that it was barred by the doctrine of res judicata, since the District Court had previously determined that “the plaintiff had failed to raise any genuine issues of material fact regarding [NHCC’s] comportment with the generally accepted standards of medical care” in treating the plaintiff. The plaintiff did not appeal or cross-appeal from that portion of the Supreme Court’s order. Moreover, the District Court also found that the plaintiffs involuntary commitment was wholly proper, did not violate his Fourth or Fourteenth Amendment rights, and complied with the procedural requirements of the Mental Hygiene Law. Accordingly, the plaintiff cannot maintain a cause of action alleging either false arrest or false imprisonment, as his confinement was privileged and not otherwise tainted by medical malpractice (see Kraft v City of New York, 696 F Supp 2d 403, 421 [2010], affd 441 Fed Appx 24 [2d Cir 2011] [where a federal court held that doctors had probable cause and reasonable grounds, within the meaning of the Fourth Amendment, to seize the plaintiff, the plaintiffs state common-law causes of action alleging false arrest and false imprisonment against those doctors must fail, as the confinement was privileged]; Freemonde v City of New York, 1 AD3d 560 [2003] [where the plaintiff challenged the propriety of his involuntary commitment at a mental health hearing, the plaintiff is collaterally estopped from relitigating the issue of whether his involuntary commitment was proper in *623 a later state-court action to recover damages for false imprisonment]; Porter v Westchester County Med. Ctr., 252 AD2d 518 [1998] [same]).
In light of the foregoing, NHCC established its prima facie entitlement to judgment as a matter of law dismissing the false arrest and false imprisonment causes of action on the ground that they were barred by the doctrine of collateral estoppel, and the plaintiff failed to raise a triable issue of fact in opposition. Accordingly, the Supreme Court should have granted those branches of NHCC’s motion which were for summary judgment dismissing those causes of action.
In order to establish intentional infliction of emotional distress, the plaintiff must prove four elements: (1) extreme and outrageous conduct; (2) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and injury; and (4) severe emotional distress (see Bernat v Williams, 81 AD3d 679 [2011]). The tort of intentional infliction of emotional distress predicates liability on the basis of conduct which is “so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community” (Murphy v American Home Prods. Corp., 58 NY2d 293, 303 [1983] [internal quotation marks omitted]; see Marilyn S. v Independent Group Home Living Program, Inc., 73 AD3d 892, 894 [2010]). “[T]he requirements of the rule are rigorous, and difficult to satisfy” (Howell v New York Post Co., 81 NY2d 115, 122 [1993] [internal quotation marks omitted]). Without “sufficiently outrageous” conduct, no claim for intentional infliction of emotional distress can be established (id.).
The District Court’s finding that the plaintiffs involuntary confinement was wholly proper, in that it complied with the strictures of the Mental Hygiene Law, and did not violate the Fourth and Fourteenth Amendments, and the District Court’s conclusion that the plaintiff failed to raise triable issues of fact as to whether the care and treatment he received did not meet the generally accepted standards of medical care, effectively foreclose any conclusion that the plaintiffs involuntary commitment constituted “extreme and outrageous conduct” sufficient to support a cause of action to recover damages for intentional infliction of emotional distress (Kraft v City of New York, 696 F Supp 2d at 423 [the plaintiff failed to produce evidence sufficient for a reasonable jury to conclude that a municipality’s actions were extreme and outrageous where doctors were held to have acted appropriately in involuntarily committing the *624 plaintiff]), and NHCC’s conduct here certainly does not rise to that level.
In light of the foregoing, NHCC established its entitlement to judgment as a matter of law dismissing the cause of action alleging intentional infliction of emotional distress on the ground that it was barred by the doctrine of collateral estoppel, and the plaintiff failed to raise a triable issue of fact in opposition. Accordingly, the Supreme Court should have granted that branch of NHCC’s motion which was for summary judgment dismissing that cause of action. Dillon, J.P., Eng, Austin and Sgroi, JJ., concur.