■ CLARA NAPPY, Also Known as CLARA ESTRADA, Respondent, v NICHOLAS NAPPY, Appellant. [955 NYS2d 102]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Spinner, J.), dated April 13, 2011, which denied his motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the plaintiff and against him and for judgment as a matter of law or, alternatively, to set

aside the jury verdict as contrary to the weight of the evidence and for a new trial, and (2) a judgment of the same court entered May 9, 2011, which, upon the jury verdict, is in favor of the plaintiff and against him in the total sum of $177,297.53.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the intermediate order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The parties entered into a stipulation of settlement dated March 12, 1999, which was incorporated, but not merged, into a judgment of divorce dated June 1, 1999. At some point in time, the defendant executed a document, denominated an "IOU," which read as follows: "I agree to pay [the plaintiff] $1900.00 per month for a period of 60 months starting August 1999. These monies are to be used to pay the second mortage [sic] on the house and for our son Nicholas to attend college."

The plaintiff subsequently commenced this action, inter alia, to recover damages for breach of contract based on the defendant's failure to make payments pursuant to the IOU. A trial was held, and the jury was given a verdict sheet containing only the following question: "Considering the circumstances under which the IOU was prepared and executed, did the IOU, when taken as a whole, constitute a conditional or unconditional promise to pay?" The jury unanimously answered that the IOU constituted an unconditional promise to pay. Thereafter, the Supreme Court denied the defendant's motion pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law or to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, and entered a judgment in favor of the plaintiff.

As raised in his motion pursuant to CPLR 4404 (a), the defendant contends that the parties' alleged agreement that he pay the plaintiff $1,900 per month for 60 months was unenforceable because the parties never reached a meeting of the minds as to the material terms of the agreement. The defendant also contends that the alleged agreement was unenforceable because the parties failed to satisfy the requirements of Domestic Rela-

tions Law § 236 (B) (3). However, as the plaintiff contends, consideration of these issues is barred by the doctrine of collateral estoppel. "The doctrine of collateral estoppel bars relitigation of an issue which has necessarily been decided in a prior action and is determinative of the issues disputed in the present action, provided that there was a full and fair opportunity to contest the decision now alleged to be controlling" (*Capellupo v Nassau Health Care Corp.*, 97 AD3d 619, 621 [2012]; *see Buechel v Bain*, 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]). The party invoking the doctrine must show that the identical issue was necessarily decided in the prior action and is determinative in the present action (*see Buechel v Bain*, 97 NY2d at 304). The burden then shifts to the party to be estopped to demonstrate the absence of a full and fair opportunity to contest the prior determination (*id.*). Here, the plaintiff met her burden of establishing that these issues were necessarily determined by the Appellate Term on an appeal in a prior action commenced in the Third District Court, Suffolk County, and the defendant failed to demonstrate that he lacked a full and fair opportunity to contest that determination.

The defendant's remaining contentions are without merit. Angiolillo, J.P., Balkin, Lott and Roman, JJ., concur.