■ DORON ZANANI, Appellant, v MIRIAM SCHVIMMER et al., Respondents. [986 NYS2d 498]——

In an action, inter alia, to set aside an allegedly fraudulent conveyance, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated November 14, 2012, as granted the motion of the defendant 238 Rodney, LLC, and the cross motion of the defendants Miriam Schvimmer and Israel Schvimmer, for, inter alia, certain injunctive relief to the extent of directing him to furnish the defendants with a satisfaction of judgment and general releases pursuant to a settlement agreement, directing a referee to execute the satisfaction of judgment and general releases in the event the plaintiff does not execute those documents, and enjoining him from taking any further action in an action entitled *Zanani v Schvimmer*, pending in the Civil Court of the City of New York, New York County, under index No. 300232-TSN-06.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motion and the cross motion are denied in their entirety, and so much of the order as directed the defendants to deposit the sum of $60,000 into escrow is vacated.

In 2001, the plaintiff represented Miriam Schvimmer and Israel Schvimmer in a partition action instituted by them, which was settled after they discharged the plaintiff. In 2005, the plaintiff commenced an action against the Schvimmers in the Supreme Court, New York County, to recover outstanding legal fees owed for his representation of them in the partition action (*see Zanani v Schvimmer*, 50 AD3d 445 [2008]). The plaintiff's action eventually was transferred from the Supreme Court to the Civil Court of the City of New York, New York County (hereinafter the Civil Court action). While the Civil Court action was pending, the plaintiff commenced this action against the Schvimmers (hereinafter the Schvimmer defendants) and 238 Rodney, LLC (hereinafter 238 Rodney), in the Supreme Court, Kings County (hereinafter the fraudulent conveyance action),

pursuant to Debtor and Creditor Law §§ 273-a and 276 to set aside the allegedly fraudulent conveyance of the Schvimmer defendants' interest in the property which was the subject of the settled partition action.

The plaintiff obtained a judgment against the Schvimmer defendants in the Civil Court action, which was entered on November 13, 2008. Thereafter, the plaintiff served the Schvimmer defendants with a subpoena pursuant to CPLR 5224 seeking disclosure relevant to satisfy the judgment. The Schvimmer defendants' failure to comply with the subpoena led to a series of orders issued by the Civil Court, holding them in contempt and staying warrants of commitment pending their compliance with the subpoena.

In the fraudulent conveyance action, on December 15, 2010, the plaintiff, the Schvimmer defendants, and 238 Rodney entered into a written settlement agreement, pursuant to which the defendants agreed to pay the plaintiff the total sum of $60,000 in two $30,000 installments in exchange for the plaintiff's delivery of a stipulation canceling the notice of pendency and a satisfaction of judgment. Before the first installment was due, on December 29, 2010, the plaintiff moved in the Civil Court action to punish the Schvimmer defendants for contempt for failing to comply with the orders in that action staying the warrants of commitment pending their compliance with the postjudgment subpoena and to recover costs and expenses incurred as a result of the Schvimmer defendants' misconduct in failing to comply with the subpoena and contempt orders. The Schvimmer defendants cross-moved, inter alia, to enjoin the plaintiff from enforcing the judgment in the Civil Court action, arguing that the settlement agreement in the fraudulent conveyance action settled all claims against them in the Civil Court action as well. Meanwhile, the parties to the settlement agreement failed to perform their initial obligations under the agreement.

In an order entered May 11, 2011, the Civil Court, New York County, granted that branch of the plaintiff's motion which was to hold the Schvimmer defendants in contempt and denied the Schvimmer defendants' cross motion, but it did not address the plaintiff's request for costs and legal fees incurred as a result of the Schvimmer defendants' misconduct. The plaintiff appealed to the Appellate Term, First Department, from so much of the order as did not grant his request for costs and legal fees. The Schvimmer defendants cross-appealed, arguing again that the settlement agreement settled all of the plaintiff's claims against them. The Appellate Term affirmed the finding of civil contempt

against the Schvimmer defendants and the denial of their cross motion, specifically determining that their submissions, including the settlement agreement, "failed to establish that they were relieved of the obligation to comply with the subpoena." The Appellate Term modified the order appealed from by granting that branch of the plaintiff's motion which was to recover costs and legal fees pursuant to Judiciary Law § 773, and remitted the matter to the Civil Court to determine the costs and fees incurred as a result of the Schvimmer defendants' contemptuous conduct.

Thereafter, the plaintiff moved in the Civil Court action for leave to enter judgment against the Schvimmer defendants for costs and legal fees incurred as a result of their contemptuous conduct. Before the return date of the motion, 238 Rodney moved in the Supreme Court in the fraudulent conveyance action, inter alia, to enjoin the plaintiff from taking any action in the Civil Court action, for a declaration that the settlement agreement resolved any and all claims between the parties in both the Civil Court action and the fraudulent conveyance action, and to compel the plaintiff to issue general releases to the Schvimmer defendants and 238 Rodney pursuant to the settlement agreement. The Schvimmer defendants cross-moved, inter alia, for the same relief. The Supreme Court granted the motion and the cross motion to the extent of directing the defendants to place $60,000 in escrow, directing the plaintiff to furnish the defendants with a satisfaction of judgment and general releases, directing a referee to execute these documents on the plaintiff's behalf if he did not, and enjoining the plaintiff from taking any action in the Civil Court action.

"The doctrine of collateral estoppel bars relitigation of an issue which has necessarily been decided in a prior action and is determinative of the issues disputed in the present action, provided that there was a full and fair opportunity to contest the decision now alleged to be controlling" (*Capellupo v Nassau Health Care Corp.*, 97 AD3d 619, 621 [2012]; *see Tydings v Greenfield, Stein & Senior, LLP*, 11 NY3d 195, 199 [2008]). "The party seeking the benefit of collateral estoppel bears the burden of proving that the identical issue was necessarily decided in the prior proceeding, and is decisive of the present action" (*City of New York v College Point Sports Assn., Inc.*, 61 AD3d 33, 42 [2009]; *see Buechel v Bain*, 97 NY2d 295, 304 [2001]). "The party against whom preclusion is sought bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior determination" (*City of New York v College Point Sports Assn., Inc.*, 61 AD3d at 42; *see Buechel v Bain*, 97 NY2d at 304).

Here, the doctrine of collateral estoppel barred the Schvimmer defendants from arguing that the settlement agreement fully resolved any and all issues between the parties in both actions. Thus, they were barred from receiving injunctive relief enjoining the plaintiff from taking further action in the Civil Court action and entering a judgment in that action for the costs and legal fees incurred as a result of their contemptuous conduct. The plaintiff met his burden of establishing that these issues were necessarily determined against the Schvimmer defendants by the Appellate Term on the appeal arising from the Civil Court action, and the Schvimmer defendants failed to demonstrate that they lacked a full and fair opportunity to contest the prior determination.

Moreover, 238 Rodney, which was not a party to the Civil Court action, lacked standing to seek any injunctive relief with respect to that action, which was only commenced against the Schvimmer defendants. 238 Rodney had no legally cognizable interest in obtaining a declaration that the settlement agreement fully resolved all issues between the plaintiff and the Schvimmer defendants in the Civil Court action and an injunction precluding the plaintiff from entering a judgment against the Schvimmer defendants in that action for costs and legal fees resulting from the Schvimmer defendants' contemptuous conduct (see generally Bank of N.Y. v Silverberg, 86 AD3d 274, 279 [2011]; Caprer v Nussbaum, 36 AD3d 176, 182 [2006]).

Accordingly, the Supreme Court erred in granting 238 Rodney's motion and the Schvimmer defendants' cross motion to the extent of directing the plaintiff to furnish the defendants with a satisfaction of judgment and general releases, directing a referee to execute the satisfaction of judgment and general releases in the event the plaintiff does not execute those documents, and enjoining the plaintiff from taking any action in the Civil Court action. Since the court conditioned the release of the defendants' $60,000 payment from escrow upon the plaintiff's delivery of general releases, so much of the order as directed the defendants to place $60,000 in escrow must be vacated. Rivera, J.P., Lott, Roman and Hinds-Radix, JJ., concur.