■ Solomon Abrahams, Appellant, v Commonwealth Land Title Insurance Company, Doing Business as Land America Commonwealth, Respondent. [992 NYS2d 537]—

In an action to recover damages for breach of fiduciary duty, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Connolly, J.), dated June 26, 2013, as denied his motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendant.

Ordered that the order is affirmed insofar as appealed from, with costs.

In this action to recover damages for breach of fiduciary duty, the plaintiff moved pursuant to CPLR 3215 for leave to enter a default judgment against the defendant. In support of the motion, the plaintiff submitted, inter alia, a complaint dated April 7, 2012. The defendant opposed the motion, offering proof that this complaint was the same complaint that had been filed in a

prior action to recover damages for breach of fiduciary duty. By order entered December 29, 2009, the Supreme Court granted the defendant's motion for summary judgment dismissing the complaint in that prior action, and this Court affirmed that order (see *Abrahams v Commonwealth Land Tit. Ins. Co.*, 81 AD3d 759 [2011]).

Contrary to the plaintiff's contention, the Supreme Court properly determined that the complaint in the instant action is barred by the doctrine of collateral estoppel. The doctrine of collateral estoppel bars relitigation in a subsequent action of an issue raised in a prior action and decided against that party (see *Buechel v Bain*, 97 NY2d 295, 303 [2001]; *Zanani v Schvimmer*, 117 AD3d 941 [2014]; *Nappy v Nappy*, 100 AD3d 843 [2012]). "The litigant seeking the benefit of collateral estoppel must demonstrate that the decisive issue was necessarily decided in the prior action against a party," and "[t]he party to be precluded from relitigating the issue bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior determination" (*Buechel v Bain*, 97 NY2d at 304; see *Nappy v Nappy*, 100 AD3d at 845; *Matter of Simmons v Simmons*, 91 AD3d 960 [2012]; *Nachum v Ezagui*, 83 AD3d 1017 [2011]).

Here, the defendant established that the decisive issues in this case were necessarily decided against the plaintiff in the prior case, and the plaintiff failed to demonstrate that he was not afforded a full and fair opportunity to contest that prior determination. Thus, the doctrine of collateral estoppel barred the plaintiff from maintaining this action. Although the defendant allegedly defaulted in answering the complaint in the instant action, even where such a default has occurred, a plaintiff is only entitled to a default judgment if the complaint states a viable cause of action (see *Aprea v New York State Bd. of Elections*, 103 AD3d 1059, 1061 [2013]; *Elam v Altered Ego Realty Holding Corp.*, 114 AD3d 901 [2014]; *Venturella-Ferretti v Ferretti*, 74 AD3d 792, 793 [2010]; *Garcia v Pepe*, 42 AD3d 427, 430 [2007]). Under these circumstances, the plaintiff has no viable cause of action against the defendant that would warrant entry of a default judgment against it (see *Garcia v Pepe*, 42 AD3d at 430).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendant. Balkin, J.P., Austin, LaSalle and Barros, JJ., concur.