■ ERIK HOFFER et al., Appellants, v BANK OF AMERICA, N.A., Respondent. [25 NYS3d 279]—

In an action, inter alia, to recover damages for misappropriation of funds and fraud, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Troia, J.), dated June 23, 2014, as granted the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint and denied that branch of their cross motion which was for relief pursuant to CPLR 5222 (c).

Ordered that the order is affirmed insofar as appealed from, with costs.

A judgment was entered in favor of the plaintiffs against two named debtors (hereinafter the judgment debtors) in a prior federal action. On or about June 6, 2011, the plaintiffs, as judgment creditors, served a restraining notice pursuant to CPLR 5222 (hereinafter the restraining notice) on a local branch of the defendant Bank of America, N.A. (hereinafter the Bank), as garnishee and holder of the judgment debtors' assets.

Several months later, the plaintiffs commenced a turnover proceeding by order to show cause seeking the turnover of bank account funds, including additional account funds that were neither specified within the body of the restraining notice nor

held in the name of either judgment debtor. In an order dated November 22, 2011, the Supreme Court (McMahon, J.) granted the petition only to the extent of directing the Bank to turn over those funds held pursuant to the restraining notice in the accounts of one of the named judgment debtors. The remainder of the relief sought by the plaintiffs was denied.

Subsequently, the plaintiffs commenced this action against the Bank, alleging three causes of action. The first cause of action alleged misappropriation of funds due and owing to them as judgment creditors, the second cause of action alleged fraud and deceit, and the third cause of action alleged equitable fraud. The Bank moved pursuant to CPLR 3211 (a) to dismiss the complaint asserting, inter alia, that the action was barred by the doctrines of res judicata and collateral estoppel. The plaintiffs cross-moved, among other things, for relief pursuant to CPLR 5222 (c).

In the order appealed from, the Supreme Court (Troia, J.) granted the Bank's motion and denied the plaintiffs' cross motion. The plaintiffs appeal, as limited by their brief, from so much of the order as granted the Bank's motion to dismiss the complaint and denied that branch of their cross motion which was for relief pursuant to CPLR 5222 (c).

" '[T]he general doctrine of res judicata gives binding effect to the judgment of a court of competent jurisdiction and prevents the parties to an action, and those in privity with them, from subsequently relitigating any questions that were necessarily decided therein' " (*Toscano v 4B's Realty VIII Southampton Brick & Tile, LLC*, 84 AD3d 780, 780 [2011], quoting *Landau, P.C. v LaRossa, Mitchell & Ross*, 11 NY3d 8, 13 [2008]). "Under New York's transactional approach to res judicata, 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy' " (*Toscano v 4B's Realty VIII Southampton Brick & Tile, LLC*, 84 AD3d at 780, quoting *O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]).

Here, all the causes of action asserted in the complaint were litigated or could have been litigated in the prior proceeding and, therefore, are foreclosed by the doctrine of res judicata (*see Bayer v City of New York*, 115 AD3d 897, 899 [2014]; *Toscano v 4B's Realty VIII Southampton Brick & Tile, LLC*, 84 AD3d at 781; *Sandhu v Mercy Med. Ctr.*, 54 AD3d 928, 928 [2008]; *Timoney v Newmark & Co. Real Estate, Inc.*, 36 AD3d 686, 686-687 [2007]; *Fogel v Oelmann*, 7 AD3d 485, 486 [2004]).

In any event, the plaintiffs' claims are also barred by the

doctrine of collateral estoppel, which "bars relitigation of an issue which has necessarily been decided in a prior action and is determinative of the issues disputed in the present action, provided that there was a full and fair opportunity to contest the decision now alleged to be controlling" (*Capellupo v Nassau Health Care Corp.*, 97 AD3d 619, 621 [2012]; *see Abrahams v Commonwealth Land Tit. Ins. Co.*, 120 AD3d 1165, 1166 [2014]; *Nappy v Nappy*, 100 AD3d 843, 845 [2012]). The party invoking the doctrine must show that the identical issue was necessarily decided in the prior action and is determinative in the present action. The burden then shifts to the party to be estopped to demonstrate "the absence of a full and fair opportunity to contest the prior determination" (*Nappy v Nappy*, 100 AD3d at 845; *see Abrahams v Commonwealth Land Tit. Ins. Co.*, 120 AD3d at 1166; *Capellupo v Nassau Health Care Corp.*, 97 AD3d at 621-622).

Here, the Bank established that the decisive issues in this action were necessarily decided against the plaintiffs in the prior proceeding, and the plaintiffs failed to demonstrate that they did not have a full and fair opportunity to contest the prior determination (*see Abrahams v Commonwealth Land Tit. Ins. Co.*, 120 AD3d at 1166; *Nappy v Nappy*, 100 AD3d at 845; *see also Capellupo v Nassau Health Care Corp.*, 97 AD3d at 621-622).

Accordingly, the Supreme Court properly granted the Bank's motion pursuant to CPLR 3211 (a) to dismiss the complaint.

That branch of the plaintiffs' cross motion which was leave for to file a second restraining notice pursuant to CPLR 5222 (c) was also properly denied, as the plaintiffs could have sought leave to serve a second restraining notice in the prior action (*see Timoney v Newmark & Co. Real Estate, Inc.*, 36 AD3d at 687).

The plaintiffs' remaining contentions are without merit. Dillon, J.P., Dickerson, Miller and Duffy, JJ., concur.