■ SIMON SCHWARZ, as Temporary Administrator of the Estate of SAMUEL SCHWARZ, Deceased, et al., Appellants, v HELENE SCHWARZ et al., Respondents. [56 NYS3d 122]—

Appeals from (1) an order of the Supreme Court, Kings County (Kathy J. King, J.), dated September 20, 2013, (2) an order of that court dated March 25, 2014, (3) an order of that court dated June 5, 2014, and (4) a judgment of that court dated November 3, 2014. The order dated September 20, 2013, granted the defendants' motion to dismiss the complaint and for the imposition of sanctions and costs. The order dated March 25, 2014, denied the motion of the plaintiff Simon Schwarz for the recusal of Justice Kathy J. King. The order dated June 5, 2014, insofar as appealed from, denied the motion of the plaintiff Simon Schwarz for leave to renew and reargue his opposition to the defendants' prior motion to dismiss the complaint and for the imposition of sanctions and costs. The judgment, entered after a hearing on the amount of a reasonable attorney's fee, is in favor of nonparty Anthony J. Lamberti and against the plaintiff Simon Schwarz individually.

Ordered that the appeal from so much of the order dated September 20, 2013, as granted that branch of the defendants' motion which was for the imposition of costs in the form of a reasonable attorney's fee is dismissed; and it is further,

Ordered that the appeal from so much of the order dated June 5, 2014, as denied that branch of the motion of the plaintiff Simon Schwarz which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated September 20, 2013, is affirmed insofar as reviewed; and it is further,

Ordered that the order dated March 25, 2014, is affirmed; and it is further,

Ordered that the order dated June 5, 2014, is affirmed insofar as reviewed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

In 2012, the plaintiff Simon Schwarz (hereinafter Simon), pro se, and purportedly on behalf of his disabled brother, Samuel Schwarz (hereinafter Samuel), commenced this action against the defendants, who are the sister and brother-in-law, respectively, of Simon and Samuel. The complaint sought, among other things, to cancel and set aside certain deeds to real property which were executed by Samuel at a time when the defendant Helene Schwarz was acting as his attorney-in-fact. The defendants moved, in effect, to dismiss the complaint pursuant to CPLR 3211 (a) (5) as barred by the doctrines of res judicata and collateral estoppel, and for the imposition of sanctions and costs in the form of a reasonable attorney's fee pursuant to 22 NYCRR 130-1.1. In support of their motion, the defendants argued that the allegations of the complaint had been fully litigated in a guardianship proceeding commenced by Simon in 2010, in which he unsuccessfully sought to be appointed as the guardian of Samuel's personal needs and property (see Matter of Samuel S. [Helene S.], 96 AD3d 954 [2012]). In an order dated September 20, 2013, the Supreme Court (Kathy J. King, J.) granted the defendants' motion and directed that a hearing be scheduled to determine the amount of a reasonable attorney's fee.

Thereafter, Simon filed a motion seeking the recusal of Justice King. In an order dated March 25, 2014, the Supreme Court denied the motion. Simon subsequently moved for leave to renew and reargue his opposition to the defendants' prior motion to dismiss the complaint and for the imposition of sanctions and costs. In an order dated June 5, 2014, the court denied Simon's motion for renewal and reargument. Following a hearing on the amount of a reasonable attorney's fee, the Supreme Court entered a judgment in favor of the defendants' attorney, Anthony J. Lamberti, and against Simon individually, awarding Lamberti an attorney's fee in the amount of $20,800. Simon and Samuel appeal from the orders dated September 20, 2013, March 25, 2014, and June 5, 2014, and the judgment. During the pendency of these appeals, Samuel died, and Simon, as the temporary administrator of Samuel's estate, was substituted for Samuel on these appeals.

The appeal from so much of the order dated September 20, 2013, as granted that branch of the defendants' motion which was for the imposition of costs in the form of a reasonable attorney's fee must be dismissed, as that portion of the order was superseded by the judgment. The issues raised are brought up for review and have been considered on the appeal from the judgment (see Matter of Aho, 39 NY2d 241, 248 [1976]).

The Supreme Court properly determined that the complaint should be dismissed pursuant to the doctrine of res judicata. "The doctrine of res judicata operates to preclude the reconsideration of claims actually litigated and resolved in a prior proceeding, as well as claims for different relief against the same party which arise out of the same factual grouping or transaction, and which should have or could have been resolved in the prior proceeding" (*Matter of James M. v City of N.Y. Police Dept.*, 69 AD3d 634, 635 [2010]; *see Douglas Elliman, LLC v Bergere*, 98 AD3d 642, 643 [2012]). "Under New York's transactional approach to the doctrine of res judicata, 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy' " (*Parolisi v Slavin*, 98 AD3d 488, 489 [2012], quoting *O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]). Here, the claims presented in the instant action were litigated or could have been litigated in the prior guardianship proceeding involving the same parties and, therefore, are foreclosed by the doctrine of res judicata (*see Matter of Hunter*, 4 NY3d 260, 269 [2005]; *Matter of Samuel S. [Helene S.]*, 96 AD3d at 957).

In any event, Simon's claims are also barred by the doctrine of collateral estoppel, which "bars relitigation of an issue which has necessarily been decided in a prior action and is determinative of the issues disputed in the present action, provided that there was a full and fair opportunity to contest the decision now alleged to be controlling" (*Capellupo v Nassau Health Care Corp.*, 97 AD3d 619, 621 [2012]). "The party invoking the doctrine must show that the identical issue was necessarily decided in the prior action and is determinative in the present action" (*Hoffer v Bank of Am., N.A.*, 136 AD3d 750, 752 [2016]). "The burden then shifts to the party to be estopped to demonstrate the absence of a full and fair opportunity to contest the prior determination" (*Nappy v Nappy*, 100 AD3d 843, 845 [2012]). Here, the defendants established that the decisive issues in this action were necessarily decided against Simon in the prior guardianship proceeding, and Simon failed to demonstrate that he did not have a full and fair opportunity to contest the prior determination (*see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349 [1999]; *D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was, in effect, to dismiss the complaint pursuant to CPLR 3211 (a) (5).

Furthermore, the Supreme Court properly denied that

branch of Simon's motion which was to renew his opposition to the defendants' prior motion to dismiss the complaint and for the imposition of sanctions and costs, since Simon did not present any new facts that "would change the prior determination" (CPLR 2221 [e] [2]).

The Supreme Court did not improvidently exercise its discretion in imposing sanctions and costs against Simon pursuant to 22 NYCRR 130-1.1 (*see Paar v Bay Crest Assn.*, 140 AD3d 1137, 1139-1140 [2016]; *Yan v Klein*, 35 AD3d 729 [2006]). Further, after a hearing, the court providently exercised its discretion in awarding an attorney's fee in the amount of $20,800 (*see Matter of Freeman*, 34 NY2d 1, 9 [1974]; *Diaz v Audi of Am., Inc.*, 57 AD3d 828, 830 [2008]).

Contrary to Simon's contention, Justice King providently exercised her discretion in declining to recuse herself, since Simon did not establish that there was a basis for recusal pursuant to Judiciary Law § 14 and failed to set forth demonstrable proof of any bias or prejudice on the part of the Justice (*see People v Glynn*, 21 NY3d 614, 618 [2013]; *People v Moreno*, 70 NY2d 403, 405-406 [1987]; *Matter of Rodriguez v Liegey*, 132 AD3d 880 [2015]).

Simon's remaining contentions either are without merit or need not be addressed in light of our determination. Balkin, J.P., Austin, LaSalle and Brathwaite Nelson, JJ., concur.