Shaia v Saw Mill Capital, LLC (2026 NY Slip Op 01081)

Shaia v Saw Mill Capital, LLC

2026 NY Slip Op 01081

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2024-06640
 (Index No. 67017/23)

[*1]John J. Shaia, appellant, 
vSaw Mill Capital, LLC, et al., respondents.

McGuireWoods LLP, New York, NY (Aaron F. Jaroff and Brian D. Schmalzbach, pro hac vice, of counsel), for appellant.
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., New York, NY (Mark W. Lerner of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Gretchen Walsh, J.), dated April 12, 2024. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the causes of action to recover damages for breach of contract and for declaratory relief.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, a former employee of Saw Mill Capital, LLC (hereinafter SMC), a private equity firm, alleged that SMC breached his employment agreement by not paying him a portion of carried interest from a blind pool fund known as the "Main Fund." In 2014, after the plaintiff's employment was terminated, he commenced an action (hereinafter the prior action), inter alia, to recover damages for breach of his employment agreement against, among others, SMC, Saw Mill Capital Associates, LP, and Saw Mill Capital Holdings, LP (hereinafter collectively the defendants). After a nonjury trial on the issue of liability, the Supreme Court found in favor of the defendants and issued a judgment dismissing the amended complaint. On the plaintiff's appeal, this Court affirmed so much of the judgment as dismissed the amended complaint insofar as asserted against SMC (see Shaia v Saw Mill Capital, LLC, 200 AD3d 731).
Thereafter, in 2023, the plaintiff commenced this action against the defendants, among other things, to recover damages for breach of his employment agreement and for related declaratory relief. The defendants moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the causes of action to recover damages for breach of contract and for declaratory relief on the ground, among others, that they were barred by the doctrine of res judicata. In an order dated April 12, 2024, the Supreme Court, among other things, granted that branch of the motion. The plaintiff appeals.
"Pursuant to CPLR 3211(a)(5), a party may move to dismiss a cause of action based on the doctrine of res judicata or collateral estoppel" (Joseph v Bank of N.Y. Mellon, 219 AD3d 596, 597). Pursuant to the doctrine of res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action (see Mooney v Manhattan [*2]Occupational, Physical & Speech Therapies, PLLC, 166 AD3d 957, 958-959). A disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause or action that either was raised or could have been raised in the prior action (see Altman v Orseck, 235 AD3d 818, 818-819; Schwarz v Schwarz, 150 AD3d 915, 917). Here, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the causes of action to recover damages for breach of contract and for declaratory relief on the ground that they are barred by the doctrine of res judicata, based upon the dismissal, on the merits, of the amended complaint insofar as against them in the prior action (see Schwarz v Schwarz, 150 AD3d 915).
The plaintiff's remaining contentions need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., FORD, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court