■ PHYLLIS MALIN, Appellant, v DEUTSCH & FREY et al., Respondents.—In an action to recover damages based on malicious prosecution and the intentional infliction of emotional distress, the plaintiff appeals (1) from so much of an order of the Supreme Court, Nassau County (Burstein, J.), dated June 4, 1987, as granted the defendants' motion to dismiss her second cause of action pursuant to CPLR 3211 (a) (7), and (2) from an order of the same court dated October 1, 1987, which granted the defendants' motion for summary judgment dismissing the plaintiff's first cause of action.

Ordered that the order dated June 4, 1987, is affirmed insofar as appealed from, and the order dated October 1, 1987, is affirmed, with one bill of costs.

In 1985 the Federal Deposit Insurance Corporation (hereinafter FDIC) obtained a judgment in the United States District Court for the Eastern District of New York which declared that the conveyance by Leonard Malin to his ex-wife, the plaintiff Phyllis Malin, of his one-half interest in certain real property had been a fraudulent transfer intended to defeat the claims of Mr. Malin's creditors. This conveyance was accordingly set aside and the plaintiff Phyllis Malin and her ex-husband Leonard Malin were each declared to be the owners of a one-half interest in the subject property. A sale of the premises was ordered, but was stayed pending an appeal to the United States Court of Appeals for the Second Circuit. On September 23, 1986, that court reversed the judgment and order of the District Court and determined that Phyllis Malin was the owner of a fee simple interest in the subject property. Mrs. Malin has now instituted the present action, seeking a judgment in the sum of $1,000,000 against the law firm which had represented the FDIC in connection with its action to set aside the conveyance. We agree with the Supreme Court that her action is patently devoid of merit and accordingly affirm.

The plaintiff's first cause of action sounds in malicious prosecution, an essential element of which is proof that the underlying civil or criminal action, alleged to have been instigated by the defendant, was brought without probable

cause *(e.g., Hornstein v Wolf,* 109 AD2d 129, 132, *affd* 67 NY2d 721). "New York cases hold that when a judgment or decree was rendered against the malicious prosecution plaintiff in the prior action of which he complains, that fact is either conclusive or prima facie evidence of probable cause for the prior action, which is not overcome by the subsequent reversal or setting aside of the judgment or decree" (59 NY Jur 2d, False Imprisonment and Malicious Prosecution, § 90, at 348; *see also, Simmonds v Sowers,* 253 App Div 819, *affd* 282 NY 651; *Mesnier v Denike,* 82 App Div 404; *Goldner-Siegel Corp. v Kraemer Hosiery Co.,* 153 Misc 159).

For example, in *Simmonds v Sowers (supra),* the Court of Appeals affirmed the holding of the Appellate Division that, as a matter of law, a malicious prosecution plaintiff who had been convicted of a crime in the underlying prosecution had no valid cause of action even though the criminal conviction had been subsequently reversed on appeal *(cf., Whitmore v City of New York,* 80 AD2d 638, 639, *lv dismissed* 54 NY2d 603). Thus, in the present case, the judgment of the District Court creates, at the very least, a presumption that the defendant law firm had probable cause to institute the underlying proceeding, and the plaintiff has failed to come forward with evidentiary proof of the sort needed to rebut that presumption.

Furthermore, in light of the plaintiff's failure to overcome the presumption that the underlying proceeding was based on probable cause, the conduct of the FDIC's attorneys in prosecuting that action cannot be considered to have "exceed[ed] all bounds usually tolerated by decent society" *(Fischer v Maloney,* 43 NY2d 553, 557, quoting from Prosser, Torts § 12, at 56 [4th ed]). The plaintiff's second cause of action, based on allegations of intentional infliction of emotional distress, was therefore also properly dismissed. Mangano, J. P., Bracken, Weinstein and Balletta, JJ., concur.