■ STEVEN EISENKRAFT, Respondent-Appellant, v CATHERINE J. ARMSTRONG, Appellant-Respondent, TOWN OF GREENBURGH, Respondent, et al., Defendant.—In an action, *inter*

*alia,* to recover damages for malicious prosecution and false arrest, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Wood, J.), entered September 7, 1989, as granted those branches of the motion of the defendant Town of Greenburgh which were for summary judgment dismissing the plaintiff's second and fourth causes of action insofar as asserted against it, and the defendant Catherine J. Armstrong cross-appeals, as limited by her brief, from so much of the same order as denied her cross motion for summary judgment dismissing the complaint insofar as it is asserted against her.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the cross motion of the defendant Catherine J. Armstrong and substituting therefore a provision granting the cross motion, dismissing the complaint insofar as it is asserted against Catherine J. Armstrong, and severing the action against the Town of Greenburgh; as so modified, the order is affirmed, with one bill of costs payable by the plaintiff, and the action against the Town of Greenburgh is severed and continued with respect to the causes of action remaining against it.

The defendant Catherine J. Armstrong was allegedly robbed by a person who forced his way into her home. She provided a description of the robber to the police which substantially matched the characteristics of the plaintiff and thereafter identified him as the robber. The plaintiff was arrested and indicted for the crime. The indictment, however, was later dismissed. The plaintiff then commenced this action against the defendants Armstrong, the County of Westchester, and the Town of Greenburgh, to recover damages for malicious prosecution, false arrest, defamation of character and intentional infliction of emotional distress. The action against the County of Westchester was later dismissed, and that dismissal is not in issue on this appeal and cross appeal.

Contrary to the plaintiff's contention, we find that the court properly granted those branches of the motion of the defendant Town of Greenburgh which were for summary judgment dismissing the second and fourth causes of action to recover damages for malicious prosecution and false arrest insofar as asserted against it. The indictment of the plaintiff created the presumption of probable cause to commence the prosecution against the plaintiff *(see, Colon v City of New York,* 60 NY2d 78; *Lee v City of Mount Vernon,* 49 NY2d 1041; *Carthens v City of New York,* 168 AD2d 408; *Malin v Deutsch & Frey,* 142 AD2d 632). The dismissal of the indictment failed to overcome

this presumption *(see, Colon v City of New York, supra; Oceanside Enters. v Capobianco,* 146 AD2d 685; *Malin v Deutsch & Frey, supra).*

In regard to the cause of action to recover damages for false arrest, the defendant Town of Greenburgh established that the plaintiff's arrest was based on "reasonable cause" *(see, Broughton v State of New York,* 37 NY2d 451, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929; *Berson v City of New York,* 122 AD2d 7), and the plaintiff failed to submit evidentiary facts which would create a triable issue on the question.

Further, we agree with the defendant Armstrong's contention that the court improperly denied her cross motion for summary judgment. The defendant Armstrong merely provided information to the police and there is nothing to indicate that she commenced the proceeding against the plaintiff or that she instigated the arrest *(see, Collins v Brown,* 129 AD2d 902; *Vennard v Sunnyside Sav. & Loan Assn.,* 44 AD2d 727; 59 NY Jur 2d, False Imprisonment, § 37). Mangano, P. J., Lawrence, Rosenblatt and Miller, JJ., concur.