■ DEAN GODDARD, Appellant, v WILLIAM T. DALY et al., Defendants, and LISA G. GODDARD, Respondent. [744 NYS2d 330] —In an action, inter alia, to recover damages for malicious prosecution, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Hillery, J.), dated February 16, 2001, which, upon renewal, granted the motion of the defendant Lisa Genn Goddard for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in permitting the defendant Lisa Genn Goddard (hereinafter the respondent), to make a second motion for summary judgment, which it treated as a motion to renew pursuant to CPLR 2221 (e). Whether treated as a second motion for summary judgment or a motion for leave to renew, at a pretrial conference at which all parties were present, counsel for the respondent requested court permission to make the second motion. None of the parties objected to counsel's request, and the court granted the respondent permission to make the motion.

As to the merits of the respondent's motion, the Supreme Court properly granted summary judgment dismissing the complaint insofar as asserted against the respondent. The respondent demonstrated the absence of any material issue of fact with respect to the plaintiff's malicious prosecution claim. To establish a cause of action alleging malicious prosecution, a

plaintiff must establish four elements: "(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding, and (4) actual malice" (*Broughton v State of New York,* 37 NY2d 451, 457, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929; *Smith-Hunter v Harvey,* 95 NY2d 191, 195). Seeking police assistance and furnishing certain information to law enforcement authorities by the respondent did not constitute a commencement or continuation of a criminal proceeding against the plaintiff (*see O'Connell v Luebs,* 264 AD2d 385; *Du Chateau v Metro-N. Commuter R.R. Co.,* 253 AD2d 128; *DeFilippo v County of Nassau,* 183 AD2d 695). Moreover, the plaintiff was convicted of assault in the third degree in connection with the incident which the respondent reported to law enforcement authorities. Notwithstanding the fact that this conviction was later reversed on appeal, such conviction creates a presumption of the existence of probable cause for the underlying criminal proceeding, and the plaintiff failed to raise an issue of fact with respect to that presumption (*see Malin v Deutsch & Frey,* 142 AD2d 632; *Simmonds v Sowers,* 253 App Div 819, *affd* 282 NY 651; *see also Colon v City of New York,* 60 NY2d 78). Florio, J.P., Friedmann, H. Miller and Townes, JJ., concur.