■ TREVOR BROWN, Appellant-Respondent, v NASSAU COUNTY et al., Respondents, DEBRA NELSON, Respondent-Appellant, et al., Defendant. [760 NYS2d 655] —In an action, inter alia, for injunctive relief and to recover damages for malicious prosecution and civil rights violations pursuant to 42 USC § 1983, the plaintiff appeals from (1) so much of an order of the Supreme Court, Westchester County (Murphy, J.), entered April 12, 2002, as granted the motion of the defendants Nassau County and Kyle Rose for summary judgment dismissing the complaint insofar as asserted against them, and (2) so much of an order of the same court entered April 24, 2002, as granted that branch of the motion of the defendant Debra Nelson which was for summary judgment dismissing the first cause of action insofar as asserted against her, and the defendant Debra Nelson cross-appeals from so much of the order entered April 24, 2002, as denied those branches of her motion which were for summary judgment dismissing the second, third, and sixth causes of action with regard to a robbery charge and the eighth cause of action alleging conversion.

Ordered that the orders are affirmed, with one bill of costs to the defendants Nassau County and Kyle Rose payable by the plaintiff.

Contrary to the plaintiff's assertions, he failed to proffer any admissible evidence of unconstitutional policies in Nassau County necessitating an injunction against the municipality (see R.A.C. Group v Board of Educ. of City of N.Y., 295 AD2d 489 [2002]; Mann v Alvarez, 242 AD2d 318 [1997]).

The defendant Debra Nelson's contention that she cannot be held liable for malicious prosecution and false arrest as a civilian complainant is without merit as there are triable issues of fact as to whether she intentionally provided false evidence to the police resulting in the plaintiff's arrest and prosecution (see Brown v Sears Roebuck & Co., 297 AD2d 205 [2002]; Warner v Druckier, 266 AD2d 2 [1999]; Du Chateau v Metro-N. Commuter R.R. Co., 253 AD2d 128 [1999]).

The parties' remaining contentions are without merit. S. Miller, J.P., Krausman, Luciano and Mastro, JJ., concur.