■ MICHAEL PASSUCCI, Respondent, v THE HOME DEPOT, INC., et al., Appellants. [889 NYS2d 353]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered August 13, 2008. The order, insofar as appealed from, denied the motion of defendants for summary judgment.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted and the first amended complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for defendants' alleged malicious prosecution and "infliction of emotional distress." Plaintiff also sought damages based on the alleged negligent training and supervision of employees by The Home Depot, Inc. and The Home Depot Special Services, Inc. (collectively, Home Depot defendants).

We agree with defendants that Supreme Court erred in denying that part of their motion for summary judgment dismissing the malicious prosecution cause of action. A plaintiff asserting such a cause of action " 'must establish that a criminal proceeding was commenced, that it was terminated in favor of the [plaintiff], that it lacked probable cause, and that the proceeding was brought out of actual malice' " (*Watson v City of Jamestown*, 56 AD3d 1289, 1291 [2008], quoting *Martinez v City of Schenectady*, 97 NY2d 78, 84 [2001]). In the context of a malicious prosecution cause of action, probable cause "consists of such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty" (*Colon v City of New York*, 60 NY2d 78, 82 [1983], *rearg denied* 61 NY2d 670 [1983]; *see Hicks v City of Buffalo*, 295 AD2d 880, 884 [2002]). As defendants correctly contended in support of

their motion, plaintiff's conviction of petit larceny in the underlying criminal proceeding created a presumption of the existence of probable cause for that criminal proceeding despite the fact that the judgment of conviction was later reversed on appeal (*see Goddard v Daly*, 295 AD2d 314 [2002]). Defendants thus met their initial burdens, and we conclude that plaintiff failed to rebut the presumption and therefore failed to raise an issue of fact (*see id.*). "The presumption may be overcome only by evidence establishing that the . . . witnesses [in the underlying criminal proceeding] have not made a complete and full statement of facts . . . , that they have misrepresented or falsified evidence, that they have withheld evidence or otherwise acted in bad faith" (*Colon*, 60 NY2d at 82-83), and plaintiff presented no such evidence. Plaintiff's contention that the motion with respect to the malicious prosecution cause of action was premature inasmuch as facts essential to justify opposition to that part of the motion may exist but cannot be stated is without merit (*see Newman v Regent Contr. Corp.*, 31 AD3d 1133, 1134-1135 [2006]; *see generally* CPLR 3212 [f]).

We further agree with defendants that the court erred in denying that part of their motion to dismiss as time-barred the cause of action for "infliction of emotional distress" to the extent that it is based upon intentional conduct. Pursuant to CPLR 215 (3), an action to recover damages arising from an intentional tort must be commenced within one year (*see Foley v Mobil Chem. Co.*, 214 AD2d 1003, 1004 [1995]). The statute of limitations begins to run on the date of the injury (*see Dana v Oak Park Marina*, 230 AD2d 204, 210 [1997]), and plaintiff commenced this action nearly three years after he allegedly was injured. In addition, we conclude that the court erred in denying that part of defendants' motion for summary judgment dismissing the cause of action for "infliction of emotional distress" to the extent that it is based upon negligent conduct. " 'Although physical injury is no longer a necessary element of [a] cause of action for negligent infliction of emotional distress, such a cause of action generally must be premised on conduct that unreasonably endangers the plaintiff's physical safety or causes the plaintiff to fear for his or her physical safety' " (*Padilla v Verczky-Porter*, 66 AD3d 1479, 1481 [2009]; *see Andrewski v Devine*, 280 AD2d 992 [2001]). Here, defendants established in support of their motion that their conduct did not endanger plaintiff or cause him to fear for his safety, and plaintiff failed to raise a triable issue of fact with respect thereto (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

We agree with defendants that the court erred in denying

that part of their motion for summary judgment dismissing the cause of action for negligent training and supervision. " 'Such a cause of action does not lie where, as here, the employee is acting within the scope of his or her employment, thereby rendering the employer liable for damages caused by the employee's negligence under the [alternative] theory of respondeat superior' " (*Drisdom v Niagara Falls Mem. Med. Ctr.*, 53 AD3d 1142, 1143 [2008]). In support of their motion, defendants submitted evidence establishing that defendants Michael Blair and Michael Keith Nazar were acting within the scope of their employment with the Home Depot defendants at the time plaintiff was detained through the time of his arrest, and plaintiff failed to raise a triable issue of fact in opposition (*see generally Zuckerman*, 49 NY2d at 562). Finally, plaintiff's contention that the motion with respect to the cause of action for negligent training and supervision is premature because further discovery may reveal facts justifying denial of that part of the motion likewise is without merit (*see generally* CPLR 3212 [f]). Present—Hurlbutt, J.P., Centra, Fahey, Carni and Pine, JJ.