█ RUBEN E. RIVERA, JR., Appellant, v COUNTY OF NASSAU et al., Respondents. [922 NYS2d 168]—

In an action, inter alia, to recover damages for false arrest and malicious prosecution, the plaintiff appeals from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated December 17, 2009, which granted the motion of the defendants County of Nassau, Nassau County Police Department, and Detective John J. Ash, and the separate motion of the defendant Walter Amend, for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

After the plaintiff was evicted from an apartment owned by the defendant Walter Amend, Amend and his family allegedly received threatening telephone calls. Amend claimed to have recognized the plaintiff's voice, and he filed a complaint with the defendant Nassau County Police Department. The plaintiff was arrested, and a criminal accusatory instrument was filed, but the charges were dismissed after it was learned that the voice on the only call that had been recorded was not that of the plaintiff. The plaintiff then commenced this action, seeking to recover damages, inter alia, for false arrest and malicious prosecution, against the County of Nassau, the Nassau County Police Department, Detective John J. Ash (hereinafter collectively the County defendants), and Amend. After discovery, the County defendants and Amend separately moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted both motions, the plaintiff appeals, and we affirm.

In order to prevail on a cause of action seeking to recover damages for malicious prosecution, a plaintiff must establish that (1) a criminal proceeding was commenced; (2) it was terminated in favor of the accused; (3) it lacked probable cause; and (4) it was commenced out of actual malice (*see Cantalino v Danner*, 96 NY2d 391, 394 [2001]; *Broughton v State of New York*, 37 NY2d 451, 457 [1975], *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929 [1975]; *Baker v City of New York*, 44 AD3d 977, 979 [2007]). "Generally, information provided by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause to arrest" (*People v Bero*, 139 AD2d 581, 584 [1988]; *see People v Read*, 74 AD3d 1245, 1246 [2010]). In order to prevail on a cause of action seeking to recover damages for false arrest or imprisonment, a plaintiff must prove that: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was aware of the resulting confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged (*see Martinez v City of Schenectady*, 97 NY2d 78, 85 [2001]; NY PJI 3:5, Comment). "The existence of probable cause serves as a legal justification for the arrest and an affirmative defense to the claim" of false imprisonment or false arrest (*Martinez v City of Schenectady*, 97 NY2d at 85; *see Broughton v State of New York*, 37 NY2d at 458). In order to hold a civilian defendant liable for false arrest, the plaintiff must establish that that defendant did not merely report a crime to the police or participate in the prosecution, but actively importuned the police to make an arrest without "reasonable cause [to believe] in the plaintiff's culpability" (*DeFilippo v County of Nassau*,

183 AD2d 695, 696-697 [1992]; *see Grinnell v Weston*, 95 App Div 454, 459 [1904]; *cf. Brown v Nassau County*, 306 AD2d 303 [2003]).

Here, the County defendants established their prima facie entitlement to judgment as a matter of law on the causes of action alleging malicious prosecution and false arrest insofar as asserted against them by submitting evidence that they acted upon information provided by a known citizen informant that provided them with probable cause to arrest the plaintiff (*see Martinez v City of Schenectady*, 97 NY2d at 85; *Wasilewicz v Village of Monroe Police Dept.*, 3 AD3d 561, 562 [2004]; *Du Chateau v Metro-North Commuter R.R. Co.*, 253 AD2d 128, 132 [1999]; *Eisenkraft v Armstrong*, 172 AD2d 484, 486 [1991]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Eisenkraft v Armstrong*, 172 AD2d at 486).

Amend established his prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging malicious prosecution insofar as asserted against him (*cf. Munoz v City of New York*, 18 NY2d 6, 9 [1966]; *Santoro v Town of Smithtown*, 40 AD3d 736, 738 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Baker v City of New York*, 44 AD3d at 980). Amend established his prima facie entitlement to judgment as a matter of law dismissing cause of action alleging the false arrest by submitting evidence that he did not actively importune the police to arrest the defendant without "reasonable cause" to believe that the plaintiff had made the threatening telephone calls (*DeFilippo v County of Nassau*, 183 AD2d at 696-697; *see Brown v Nassau County*, 306 AD2d 303 [2003]; *Du Chateau v Metro-North Commuter R.R. Co.*, 253 AD2d at 132; *Grinnell v Weston*, 95 App Div at 459). In opposition, the plaintiff failed to raise a triable issue of fact (*see Cotter v Summit Sec. Servs., Inc.*, 14 AD3d 475 [2005]). Consequently, the Supreme Court properly granted the defendants' separate motions for summary judgment dismissing the causes of action alleging malicious prosecution and false arrest.

Since the plaintiff makes no independent argument with respect to the summary dismissal of the third and fourth causes of action as derivative of his claims for malicious prosecution and false imprisonment, we need not address those causes of action separately. Angiolillo, J.P., Balkin, Leventhal and Sgroi, JJ., concur.