■ HAROLD VICTOR, Appellant, v COUNTY OF SUFFOLK, Respondent, et al., Defendant. [55 NYS3d 81]—

In an action, inter alia, to recover damages pursuant to 42 USC § 1983 for civil rights violations, the plaintiff appeals

from an order of the Supreme Court, Suffolk County (Asher, J.), dated September 10, 2014, which granted the motion of the defendant County of Suffolk, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant County of Suffolk which was, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the cause of action to recover damages pursuant to 42 USC § 1983 for violation of the plaintiff's constitutional right to a speedy trial insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court properly granted that branch of the motion of the defendant County of Suffolk which was, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the cause of action to recover damages pursuant to 42 USC § 1983 for malicious prosecution insofar as asserted against it. The plaintiff alleged facts which, if proven, would demonstrate that his arrest, which was the result of an accusation by a known citizen, was supported by probable cause (*see Rivera v County of Nassau*, 83 AD3d 1032, 1033 [2011]; *Carlton v Nassau County Police Dept.*, 306 AD2d 365, 366 [2003]). Furthermore, contrary to the plaintiff's contention, the complaint does not allege facts which would support a finding that exculpatory evidence which was subsequently disclosed to the assistant district attorney eviscerated the probable cause to believe that the plaintiff had committed a crime.

However, the allegations of the complaint, which must be deemed true on this motion to dismiss (*see Johnson v Kings County Dist. Attorney's Off.*, 308 AD2d 278, 284 [2003]), are sufficient to state a cause of action to recover damages against the County pursuant to 42 USC § 1983 for violation of the plaintiff's constitutional right to a speedy trial. We reject the County's argument that it cannot be held liable pursuant to 42 USC § 1983 for the alleged misconduct of the office of the District Attorney. Where, as here, a complaint alleges a failure to train and supervise employees regarding legal obligations, "liability for the District Attorney's actions in his role as a manager of the District Attorney's office rests with the county" (*Johnson v Kings County Dist. Attorney's Off.*, 308 AD2d at 295), and a claim pursuant to 42 USC § 1983 may therefore be maintained against the County for the conduct of the District Attorney's office insofar as the District Attorney acted as a County policymaker (*see Ramos v City of New York*, 285 AD2d

284, 303-304 [2001]). Moreover, here, the complaint sufficiently alleges that the District Attorney's office failed to train and supervise its assistant district attorneys with respect to the constitutional speedy trial rights of the accused persons with whom they interacted, to the extent that they manifested deliberate indifference to those rights (*see Canton v Harris*, 489 US 378, 388 [1989]; *Johnson v Kings County Dist. Attorney's Off.*, 308 AD2d at 295-296; *Ramos v City of New York*, 285 AD2d at 304). Accordingly, the Supreme Court should not have granted that branch of the County's motion which was, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the cause of action to recover damages pursuant to 42 USC § 1983 for violation of the plaintiff's constitutional right to a speedy trial insofar as asserted against it. Chambers, J.P., Hall, Maltese and Brathwaite Nelson, JJ., concur.