*Levitz v. Bree*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of January, two thousand twenty.

PRESENT:  PETER W. HALL,
          RICHARD J. SULLIVAN,
          JOSEPH F. BIANCO,
                    *Circuit Judges*.

_____

Yetta Cynthia Levitz,

          *Plaintiff–Appellee*,

          v.                                         No. 18-2505

Police Officer Lawrence McQuade,

          *Defendant,*

Thomas Bree,

          *Defendant–Appellant.*

_____

For Plaintiff–Appellee:            Steven M. Warshawsky, The Warshawsky Law Firm, New York, NY

For Defendant–Appellant:           Michael H. Blakey, Law Office of Michael Blakey, Westhampton Beach, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Donnelly, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant–Appellant Thomas Bree appeals the judgment of the district court upholding the jury's finding that Bree was liable for false arrest and malicious prosecution under New York law and upholding the jury's award of compensatory and punitive damages totaling $120,300.00. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

First, Bree contends that the district court erred in denying his motion for judgment as a matter of law. Reviewing this argument *de novo, see Cobb v. Pozzi,* 363 F.3d 89, 101 (2d Cir. 2004), we find it unpersuasive. The district court did not err in ruling that there was sufficient evidence to support the jury's finding that Bree provided false evidence to the police resulting in Cynthia Levitz's arrest and prosecution. Levitz presented evidence from which a jury could have found that Bree lied to police when he told them that Levitz made harassing phone calls to his home and violated the order of protection. *See, e.g.*, *Weiner v. McKeefery*, 90 F. Supp. 3d 17, 46 (E.D.N.Y. 2015); *Brown v. Nassau Cty.*, 306 A.D.2d 303, 303 (N.Y. App. Div. 2003); *Ramgopal v. Singh*, 866 N.Y.S.2d 95 (App. Term 2008). Based on facts presented by Levitz at trial, the jury could have, for example, reasonably believed that Bree made up the harassment story to hide his affair with Levitz from his wife. To be sure, Bree denied having a romantic relationship with Levitz after his marriage in 2005, asserted that the telephone harassment was real, and stated that he genuinely believed Levitz left the voice mail on his home phone. While Bree's version of events

2

may have been plausible and could have been accepted by the jury, "a court may grant a motion for judgment as a matter of law only if it can conclude that, with credibility assessments made against the moving party and all inferences drawn against the moving party, a reasonable juror would have been *compelled* to accept the view of the moving party." *Zellner v. Summerlin*, 494 F.3d 344, 370–71 (2d Cir. 2007) (internal quotation marks omitted). This Court cannot "assess the weight of conflicting evidence, pass on the credibility of the witnesses, or substitute its judgment for that of the jury." *Weldy v. Piedmont Airlines, Inc.,* 985 F.2d 57, 60 (2d Cir. 1993) (internal quotation marks and citation omitted). Applying that standard, we have no basis to reverse the jury's verdict.

Second, Bree contends that the district court erred in denying his motion for a new trial or remittitur because the jury's damage award is excessive. "[T]he role of the district court is to determine whether the jury's verdict is within the confines set by state law, and to determine, by reference to federal standards developed under Rule 59, whether a new trial or remittitur should be ordered." *Stampf v. Long Island R.R. Co.*, 761 F.3d 192, 204 (2d Cir. 2014) (internal quotation marks and brackets omitted). To determine whether a jury award is excessive under New York law, we "compare it with awards in similar cases." *Id*.

In reviewing the district court's denial of a new trial or remittitur for excessive damages, we review only for abuse of discretion. *Gasperini v. Ctr. for Humanities,* 518 U.S. 415, 434–35 (1996); *Stampf*, 761 F.3d at 204. "The calculation of damages is the province of the jury, and we will not vacate or reduce a jury award merely because we would have granted a lesser amount of damages." *Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 162 (2d Cir. 2014) (internal quotation marks and citations omitted). "Rather, we may order a new trial only when the verdict is irrational

3

or so high as to shock the judicial conscience, rendering it an abuse of discretion not to set it aside." *Nairn v. Nat'l R.R. Passenger Corp.,* 837 F.2d 565, 567 (2d Cir. 1988) (internal quotation marks omitted).

Here, the district court carefully evaluated the jury awards for each claim in the context of similar cases and found the damage awards to be comparable. *Levitz v. Bree*, No. 15 Civ. 976 (AMD)(VMS), 2018 WL 4007871, at *4–6 (E.D.N.Y. Aug. 16, 2018). We find no fault in the district court's careful consideration of the verdict and certainly no basis to hold that the court abused its discretion when it refused to order remittitur.

We have considered Bree's remaining arguments and find them to be without merit. We hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4