Lugo v Corso (2023 NY Slip Op 02115)

Lugo v Corso

2023 NY Slip Op 02115

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2019-11817
 (Index No. 5157/19)

[*1]Beberly Lugo, appellant,
v
Joann Corso, etc., respondent.

Pascazi Law Offices, PLLC, Fishkill, NY (Michael S. Pascazi of counsel), for appellant.
MariAnn Connolly, Kingston, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for malicious prosecution, the plaintiff appeals from an order of the Supreme Court, Orange County (Catherine M. Bartlett, J.), dated October 2, 2019. The order denied the plaintiff's motion for leave to enter a default judgment, and, sua sponte, directed the dismissal of the complaint.
ORDERED that the appeal from so much of the order as, sua sponte, directed the dismissal of the complaint is dismissed, as no appeal lies as of right from a portion of an order that does not decide a motion made on notice (see CPLR 5701[a]), and leave to appeal has not been granted; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
The plaintiff commenced this action against the defendant, her mother-in-law, asserting, inter alia, a cause of action to recover damages for malicious prosecution, based upon a family offense proceeding that was brought against the plaintiff by the defendant. In the family offense proceeding, the Family Court issued a temporary order of protection in favor of the defendant and against the plaintiff, but ultimately dismissed the proceeding for lack of prosecution. In the instant action, the plaintiff moved for leave to enter a default judgment against the defendant. The Supreme Court denied the motion, and, sua sponte, directed the dismissal of the complaint, based upon its determination that the complaint failed to state any viable cause of action. The plaintiff appeals.
"On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting its claim, and proof of the defaulting party's default in answering or appearing" (Matter of Haberman v Zoning Bd. of Appeals of the City of Long Beach, 152 AD3d 683, 684 [internal quotation marks omitted]; see CPLR 3215[f]). To succeed on the motion, a plaintiff "must allege enough facts to enable the court to determine that a viable cause of action exists" (Katz v Blau, 173 AD3d 987, 988 [internal quotation marks omitted]; see Woodson v Mendon Leasing Corp., 100 NY2d 62, 71). "Where a valid cause of action is not stated, the party moving for judgment is not [*2]entitled to the requested relief" (Katz v Blau, 173 AD3d at 988 [internal quotation marks omitted]; see Abrahams v Commonwealth Land Tit. Ins. Co., 120 AD3d 1165, 1166).
Contrary to the plaintiff's contentions, the Supreme Court correctly determined that the complaint failed to state a cause of action sounding in malicious prosecution. "The elements of the tort of malicious prosecution are: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice" (Broughton v State of New York, 37 NY2d 451, 457). Here, the Family Court's issuance of a temporary order of protection in favor of the defendant and against the plaintiff in the underlying family offense proceeding gave rise to a presumption of probable cause (see Butler v Ratner, 210 AD2d 691, 693-694; see also Hoffman v Colleluori, 139 AD3d 900, 902; Eisenkraft v Armstrong, 172 AD2d 484, 485; Malin v Deutsch & Frey, 142 AD2d 632, 633). It is irrelevant that the family offense proceeding was thereafter dismissed (see Sperling v Amoachi, 191 AD3d 913, 915; Goddard v Daly, 295 AD2d 314, 315), especially since it was dismissed for lack of prosecution rather than on the merits. The conclusory assertions in the plaintiff's complaint were insufficient to overcome the presumption of probable cause (see Hornstein v Wolf, 67 NY2d 721, 723; Cohen v Cohen, 210
AD3d 633, 635; Butler v Ratner, 210 AD2d at 693-694).
Accordingly, the Supreme Court properly denied the plaintiff's motion for leave to enter a default judgment.
DILLON, J.P., CHRISTOPHER, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court