Sibblies v City of New York (2023 NY Slip Op 04180)

Sibblies v City of New York

2023 NY Slip Op 04180

Decided on August 03, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 03, 2023

Before: Manzanet-Daniels, J.P., Singh, Moulton, Rodriguez, Pitt-Burke, JJ. 

Index No. 20015/15 Appeal No. 183 Case No. 2022-02633 

[*1]Marsha Sibblies, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents, "John Does 1-5", Defendants.

Benno & Associates, P.C., New York (Ameer Benno of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Diana Lawless of counsel), for respondents.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered February 16, 2023, which granted defendants' motion for summary judgment dismissing the state and federal malicious prosecution and federal denial of fair trial claims, unanimously modified, on the law, to deny the motion as to the state and federal malicious prosecution claims based on assault and harassment charges, to reinstate those claims against defendants other than defendant Sgt. Lawrence Donnelly, sued herein as Sgt. Lawrence Donnel, and otherwise affirmed, without costs.
The present civil action arises out of plaintiff's arrest and prosecution following her alleged failure to produce identification during a traffic stop for an illegal left turn. In the underlying criminal prosecution, plaintiff was charged with second- and third-degree assault, resisting arrest, obstructing governmental administration, and harassment. Before trial, the People dismissed the single felony charge for second-degree assault and went to trial on a misdemeanor information containing the remaining charges. The arresting officers and plaintiff testified at trial, and the jury acquitted plaintiff of harassment and third-degree assault but convicted her of resisting arrest and obstructing governmental administration. Plaintiff's conviction was ultimately overturned by the Court of Appeals for violation of her right to a speedy trial pursuant to CPL 30.30 (People v Sibblies, 22 NY3d 1174 [2014]).
Supreme Court granted summary judgment to defendants, dismissing plaintiff's complaint in its entirety. Supreme Court found that plaintiff's malicious prosecution claims failed because plaintiff could not show a favorable termination of the criminal proceedings. Supreme Court further found that plaintiff did not provide any evidence to substantiate her claim for deprivation of a right to fair trial.
Defendants established prima facie that there was probable cause to prosecute for resisting arrest and obstructing government administration. Conviction at trial, even if overturned on appeal, creates a presumption of the existence of probable cause in the underlying criminal proceeding (see Passucci v Home Depot, Inc., 67 AD3d 1470, 1471 [4th Dept 2009], lv denied 72 AD3d 1658 [4th Dept 2010]; Goddard v Daly, 295 AD2d 314, 315 [2d Dept 2002]; Savino v City of New York, 331 F3d 63, 73 [2d Cir 2003]). To overcome this presumption, plaintiff must show "perjury, fraud, suppression of evidence, or other police conduct undertaken in bad faith" (Colon v City of New York, 60 NY2d 78, 83 [1983]). Although their testimony varies as to some details, plaintiff's account of her arrest is broadly similar to the account given by the arresting officers. Crediting plaintiff's testimony, the minor conflicts between plaintiff's and defendants' accounts of the arrest do not show that defendants' accounts were fraudulent or perjurious (see De Lourdes Torres v Jones, 26 NY3d 742, 771 [2016]; Savino, 331 F3d at 74-75; compare [*2]Boyd v City of New York, 336 F3d 72, 77 [2d Cir 2003] [finding issue of fact because, accepting the plaintiff's account as true, the case went "beyond a simple conflict of stories or mistaken memories"]).Because the defendants had probable cause, we need not reach the issue of favorable termination as to these charges (see e.g. Colon, 60 NY2d at 82-84).
Defendants do not contend that probable cause existed as to the charges for harassment or assault and, as to plaintiff's state claim based on these charges, we reject defendants' argument that probable cause for any charge defeats probable cause as to all charges. This conclusion does not follow from the decisions on which defendants rely (see De Lourdes Torres, 26 NY3d at 761 ["the plaintiff in a malicious prosecution action must also establish at trial the absence of probable cause to believe that he or she committed the charged crimes"]; Engel v CBS, Inc., 93 NY2d 195, 204 [1995] [when the defendant had instituted a civil action against the plaintiff, the plaintiff was required to "prove an entire lack of probable cause in the prior proceeding"]; Perryman v Village of Saranac Lake, 41 AD3d 1080, 1082 [3d Dept 2007] [finding that the plaintiff could not sue for malicious prosecution over civil action, where some causes of action in civil suit had potential merit]). Under defendants' reasoning, prosecutors would potentially have carte blanche to bring far more serious charges without sufficient evidentiary support.
With respect to favorable termination under state law, acquittal by a jury is not inconsistent with innocence (see Smith-Hunter v Harvey, 95 NY2d 191, 195-196 [2000]), and defendants do not argue that plaintiff's charges were dismissed for any reason meriting exception to the general rule (see id. at 196-197 [noting, e.g. compromise, including adjournment in contemplation of dismissal, mercy, and dismissal in the interest of justice]).
Finally, we accept defendants' concession that plaintiff's federal malicious prosecution claim based on the assault and harassment charges should be reinstated.
Accordingly, the malicious prosecution claims are reinstated as to the assault and harassment charges, except as against defendant Donnelly. Plaintiff does not show that Donnelly was personally involved in arresting her or in supplying the allegedly false information to the prosecutor (see De Lourdes Torres, 26 NY3d at 760-761; Johnson v Newburgh Enlarged Sch. Dist., 239 F3d 246, 254 [2d Cir 2001]; Black v Coughlin, 76 F3d 72, 74 [2d Cir 1996]).
The court also correctly dismissed plaintiff's federal denial of fair trial claim. Here, the difference in testimony between plaintiff and defendants does not show that the officers fabricated their account of plaintiff's arrest (see Garnett v Undercover Officer C0039, 838 F3d 265, 274-275 [2d Cir 2016]). Thus, plaintiff failed to raise a triable issue of fact as to whether she had been deprived of a fair trial (see Bennett v Vidal, 267 F Supp 3d 487[*3], 498 [SD NY 2017]).
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 3, 2023