Lester & Assoc., P.C. v Alijaj (2024 NY Slip Op 50583(U))

[*1]

Lester & Assoc., P.C. v Alijaj

2024 NY Slip Op 50583(U)

Decided on May 16, 2024

Supreme Court, Nassau County

Kapoor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 16, 2024
Supreme Court, Nassau County

Lester & Associates, P.C. n/k/a 
 LESTER KORINMAN KAMRAN & MASINI, P.C., Plaintiff,

against
Enver Alijaj, Defendant.

Index No. 612483/2023

Sarika Kapoor, J.

NYSCEF documents 3-17 were read and considered in deciding this motion.
 RELIEF REQUESTED
Plaintiff moves pursuant to CPLR 3215 for leave to enter a default judgment against defendant in the sum of $131,651 with interest from June 1, 2016. Despite proof of proper service, the instant motion remains unopposed.

 BACKGROUND
Plaintiff commenced this action by summons with notice pursuant to CPLR 305(b). According to the notice, plaintiff sought to recover damages in the amount of $131,651, plus the costs and disbursements of this action, for breach of contract, quantum meruit, and unjust enrichment in connection with plaintiff's representation of defendant in, inter alia, the foreclosure actions captioned Flushing Savings Bank v Enver Alijaj, et. al., bearing Index No. 810157/2012, Board of Managers of 75 Wall Street Condominium v Enver Alijaj, et. al., bearing Index No. 153034/2014, and a proposed sale of the premises commonly known as 75 Wall Strest, Unit 20M, New York, New York 10005.
Defendant has not appeared in this action.

 MOTION SEQUENCE 001
By notice of motion dated January 23, 2024, plaintiff seeks leave to enter a default judgment against defendant, based on defendant's failure to answer in this action or to otherwise appear. Additionally, plaintiff seeks an order directing the Nassau County Clerk to enter judgment in its favor and against defendant in the sum of $131,651 with interest from June 1, 2016.
In an attorney affirmation submitted in support of the motion, plaintiff alleges that on February 18, 2020, plaintiff forwarded a bill to defendant in the amount of $131,651.42, representing the defendant's outstanding balance of $815.00 for services rendered by the plaintiff from August 28, 2019, through February 17, 2020 plus the outstanding balance from an unpaid bill from August 28, 2019. In the attorney affirmation, counsel for plaintiff attests that service of process was proper, that proof of such was filed on or about October 27, 2023, and that the defendant failed appear. Plaintiff also notes that the time for defendant to appear or otherwise move has expired.
Also submitted in support of the instant motion is an affidavit of service indicating that on October 13, 2023, a copy of the summons with notice was affixed to the door of defendant's usual place of abode after three unsuccessful attempts to personally serve defendant. The affidavit of service also indicates that on October 16, 2023, a copy of the summons with notice was mailed to defendant at his usual place of abode by placing the documents in a First Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York. Plaintiff also submitted, inter alia, a copy of the retainer agreement between plaintiff and defendant and 192 pages of billing records detailing the amount plaintiff seeks to collect from defendant.

 DISCUSSION
"On any application for judgment by default, the applicant shall file proof of service of the summons and complaint, or a summons and notice served pursuant to subdivision (b) of rule 305 or subdivision (a) of rule 316 of this chapter, and proof of the facts constituting the claim, the default and the amount due" (CPLR 3215[f]). Thereafter, "[t]he clerk, upon submission of the requisite proof, shall enter judgment for the amount demanded in the complaint or stated in the notice served pursuant to subdivision (b) of rule 305 plus costs and interest" (CPLR 3215[a]).
The CPLR permits a plaintiff to "dispense with a complaint and commence an action with the simpler summons with notice" (Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, C305:3). "[C]ommencement with a summons and complaint, even a hastily and poorly drafted complaint, however, is almost always preferred" (id; Micro-Spy, Inc. v Small, 9 AD3d 122 [2d Dept 2004]). However, regardless of motive, a plaintiff may commence an action via summons with notice pursuant to CPLR 305(b) (Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, C305:3). If a complaint is not served with the summons, the summons shall contain or have attached thereto a notice stating (1) the nature of the action, (2) the relief sought, and (3) the sum of money for which judgment may be taken in case of default.
Courts have been quite liberal in their interpretation of what is required to state the nature of the action (Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, C305:3). Cursory statements of a theory of liability or type of injury have been held sufficient to [*2]describe the nature of this action (see Skidmore v Carr, 89 AD2d 600 [2d Dept 1982] [to recover "money damages for legal services"]; NGH Assoc., Ltd. v United Parcel Serv., Inc., 17 Misc 3d 746 [Sup Ct, Nassau County 2007] [for "breach of contract"]).
Here, plaintiff commenced the instant action by serving a summons with notice on defendant. The Court finds that the summons with notice contains the necessary requirements as outlined by CPLR 305(b). First, the summons clearly indicates that the nature of the action is to recover damages for "breach of contract, quantum meruit, quasi contract and unjust enrichment in connection with plaintiff's representation of defendant." The summons with notice contains specific language particularizing what plaintiff is seeking to recover damages for as well as the grounds for the choice of venue and plaintiff's address (see CPLR 305[a]). Moreover, the summons with notice describes the relief sought, specifically, monetary damages, and the sum of money sought, to wit, $131,651 with interest from June 1, 2016, plus the attorneys' fees, costs, and disbursements of this action. Based on the foregoing, the Court finds that the plaintiff's initiation of the instant action was procedurally proper and now turns to whether plaintiff corroborated its substantive entitlement to the relief sought in the instant motion.
By failing to controvert plaintiff's claims, the statements made in the attorney affirmation submitted in support of the instant motion are deemed admitted by defendants (see Kuehne & Nagel, Inc. v Baiden, 36 NY2d 539 [1975]; McNamee Const. Corp. v City of New Rochelle, 29 AD3d 544 [2d Dept 2006]; Bell Atl. Yellow Pages Co. v Padded Wagon, Inc., 292 AD2d 317 [1st Dept 2002]). Having submitted proof of service of the summons with notice on the defendant, service of the instant motion, the facts constituting the claims against said defendant, and the defendant's default in appearing in this action (Atlantic Cas Ins., Co. v RJNJ Servs., Inc., 89 AD3d 649 [2d Dept 2011]; HSBC Bank USA, N.A. v Betts, 67 AD3d 735 [2d Dept 2009]), plaintiff's motion for a default judgment must be granted.

CONCLUSION
Accordingly, it is hereby,
ORDERED, that plaintiff's motion pursuant to CPLR 3215 for leave to enter a default judgment against defendant, in the amount of $131,651 with interest thereon from June 1, 2016 is GRANTED.
Any relief requested not specifically addressed herein is denied.
This constitutes the decision and order of this Court.
Submit judgment on notice.
Dated: May 16, 2024
Mineola, New York
E N T E R:
HON. SARIKA KAPOOR, A.J.S.C.