Podoplelova v Excel PT Servs. P.C. (2025 NY Slip Op 50222(U))

[*1]

Podoplelova v Excel PT Servs. P.C.

2025 NY Slip Op 50222(U)

Decided on February 21, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 21, 2025
Supreme Court, Kings County

Olga Podoplelova, Plaintiff,

against
Excel PT Services P.C., Inna Kouperman PT, and John Doe, Defendants.

Index No. 691/2023

Aaron D. Maslow, J.

The following papers were used on this motion: order to show cause dated Jan. 17, 2025; affidavit in support of Olga Podoplelova dated Jan. 10, 2025; Part 130 certification; exhibit A-summons with notice dated Sept. 18, 2023; exhibit B-affidavit of service and postal receipts; other papers filed with Kings County Clerk as of Feb. 21, 2025.[FN1]

Upon the foregoing papers, having heard oral argument from plaintiff,[FN2]
and due deliberation having been had, the within motion by plaintiff for a default judgment against defendants is determined as follows.
This is a motion by plaintiff brought on by signed order to show cause, seeking default judgments against the three defendants herein: Excel PT Services P.C., Inna Kouperman PT, and John Doe. Plaintiff has proceeded pro se ever since this action was commenced on September 18, 2023, when she filed a summons with notice. The summons with notice, which was not signed, alleged that defendants engaged in "Torts, professional malpractice negligence." "Compensation for damages in a sum which exceeds the jurisdictional limits of all lower courts, together with costs and disbursements of this action" was sought.
Plaintiff relies on affidavits of service of the summons with notice establishing the following:
• On January 12, 2024, Robert Guyette made service on Excel PT Services P.C. by [*2]delivering it to an authorized agent in the office of the Secretary of State pursuant to Business Corporation Law § 306.
• On January 13, 2024, Bakyt Obolisaev made service on Excel PT Services P.C. by delivering it to "the front desk coordinator / admin receptionist" at 2965 Ocean Parkway, Suite 5B, Brooklyn NY 11235, and by first-class mail.
• On January 13, 2024, Bakyt Obolisaev made service on Inna Kouperman by delivering it to "the front desk coordinator / admin receptionist" at 2965 Ocean Parkway, Suite 5B, Brooklyn NY 11235, and by first-class mail.
• On January 13, 2024, Bakyt Obolisaev made service on John Doe by delivering it to "the front desk coordinator / admin receptionist" at 2965 Ocean Parkway, Suite 5B, Brooklyn NY 11235, and by first-class mail.
• On January 16, 2024, Bakyt Obolisaev made service on Inna Kouperman by delivering it to her at 2965 Ocean Parkway, Suite 5B, Brooklyn NY 11235, and by mailing.
• On January 16, 2024, Bakyt Obolisaev made service on Irina Kouperman by delivering it to her at 2965 Ocean Parkway, Suite 5B, Brooklyn NY 11235, and by mailing.
• On January 13, 2024, Bakyt Obolisaev made service on Excel PT Services P.C. by delivering it to Inna Kouperman, owner and authorized agent, at 2965 Ocean Parkway, Suite 5B, Brooklyn NY 11235.
In her affidavit submitted in support of her motion, plaintiff attested as follows:
The plaintiff properly served all defendants with summons with notice within the time set out in the New York Rules of Civil Procedure. The defendants failed to appear or respond and the time for defendants to appear or respond to this action has expired.
The order to show cause commencing the motion directed that personal service of it and the papers upon which it was granted be made on defendants on or before January 31, 2025. Affidavits of service were submitted attesting to the following:
• On January 31, 2025, Galina Levina made service on Excel PT Services P.C. by delivering them to Inna Kouperman at 2965 Ocean Parkway, Suite 5B, Brooklyn NY 11235.
• On January 31, 2025, Galina Levina made service on Inna Kouperman by delivering them to her at 2965 Ocean Parkway, Suite 5B, Brooklyn NY 11235.
• On January 31, 2025, Galina Levina made service on John Doe by delivering them to Inna Kouperman at 2965 Ocean Parkway, Suite 5B, Brooklyn NY 11235.
In a recent explication of the law governing the entry of default judgments, the Second Department stated as follows:
On a motion for leave to enter judgment against a defendant for the failure to answer or appear, a plaintiff must submit proof of service of the summons and complaint, proof of the facts constituting its claim, and proof of the defendant's default (see CPLR 3215 [f]; First Franklin Fin. Corp. v Alfau, 157 AD3d 863, 864 [2018]; Atlantic Cas. Ins. Co. v RJNJ Servs., Inc., 89 AD3d 649, 651 [2011]). "A plaintiff must allege enough facts to enable the court to determine that a viable cause of action exists" (Roy v 81E98th KH Gym, LLC, 142 AD3d 985, 985 [2016]; see Woodson v Mendon Leasing Corp., 100 NY2d 62, 71 [2003]). " 'Where a valid cause of action is not stated, the party moving for judgment is not entitled to the requested relief, even on default' " (Cardo v Board of Mgrs., Jefferson Vil. Condo 3, 29 AD3d 930, 932 [2006], quoting Green v Dolphy Constr. Co., 187 AD2d 635, 636 [1992]; see Abrahams v Commonwealth Land Tit. Ins. [*3]Co., 120 AD3d 1165, 1166 [2014]; Venturella-Ferretti v Ferretti, 74 AD3d 792, 793 [2010]). (Katz v Blau, 173 AD3d 987, 988 [2d Dept 2019]; see Lugo v Corso, 215 AD3d 944 [2d Dept 2023].)
Here, plaintiff established that the summons with notice was served on all three defendants and that they defaulted in appearing. However, plaintiff has not submitted proof of the facts constituting her claim (see CPLR 3215 [f]; Katz v Blau, 173 AD3d 987; Lugo v Corso, 215 AD3d 944). In a situation where there is a complaint verified by the plaintiff it can serve as proof of the facts constituting her claim (see Knudsen v Green Machine Landscaping, Inc., 223 AD3d 792 [2d Dept 2024]; Pemberton v Montoya, 216 AD3d 988 [2d Dept 2023]). Plaintiff never filed a complaint in this action, let alone one which was verified by her. Indeed her simple summons with notice, alleging "Torts, professional malpractice negligence,"[FN3]
was not even signed by her. As such, plaintiff has failed to comply with the requirement that proof of the facts constituting the claim be submitted "by affidavit made by the party" (CPLR 3215 [f]). Although plaintiff attended oral argument (virtually through Microsoft Teams), this does not suffice to comply with the CPLR's requirement that proof of the facts constituting the claim be submitted by affidavit made by the party. This requirement has the effect of informing the subject of the motion for a default judgment that indeed the plaintiff has a meritorious claim. Without an affidavit included in the motion papers, the defaulting defendant is not placed on notice of the details of plaintiff's claim. In its absence, this Court finds that plaintiff has not demonstrated a valid cause of action, even in a situation where the defendants defaulted in answering (see CPLR 3215 [f]; Katz v Blau, 173 AD3d 987; Lugo v Corso, 215 AD3d 944; Greher Law Offs., P.C. v Doyle, 31 Misc 3d 146[A], 2011 NY Slip Op 50950[U] [App Term, 9th & 10th Dists 2011]; Greene v Kevin D. Greene, LLC, 57 Misc 3d 1224[A], 2017 NY Slip Op 51675[U] [Sup Ct, Kings County 2017]; Allen v Lawrence, 36 Misc 3d 1212[A], 2012 NY Slip Op 51258[U] [Sup Ct, Kings County 2012]).
Moreover, the method of service provided for in an order to show cause is jurisdictional in nature and must be strictly complied with (see Matter of Mahler v Siniscalchi, 228 AD3d 707 [2d Dept 2024]; Matter of Bell v State Univ. of NY at Stony Brook, 185 AD2d 925 [2d Dept 1992]; Matter of Bruno v Ackerson, 51 AD2d 1051 [2d Dept], affd 39 NY2d 718 [1976]). Where an order to show cause requires personal service, and the movant fails to perform such service, the court is without jurisdiction to entertain the matter (see Matter of Stern v Garfinkle, 22 AD3d 694 [2d Dept 2005]; Matter of Bell v State Univ. of NY at Stony Brook, 185 AD2d 925).
Personal delivery of the motion papers to defendant Inna Kouperman was effectuated. Personal service on a corporation may be made by delivery to "an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service" (CPLR 311 [a] [1]). The process server who served defendant Excel PT Services P.C. with the order to show cause and supporting papers did so by personal delivery to Inna Kouperman, who is described elsewhere as the owner and authorized agent, so service on the corporation was effectuated. While CPLR 308 (2) permits personal service upon a natural [*4]person by delivery to a person of suitable age and discretion at the actual place of business or usual place of abode of the person to be served, the process server did not establish that Inna Kouperman was a person of suitable age and discretion for serving John Doe. Therefore, with respect to defendant John Doe, plaintiff has failed to establish proper service of the motion papers in support of a default judgment.
The Court recognizes that pro se litigants might not be familiar with legal procedures (e.g., Brown v Lavine, 45 AD2d 753 [2d Dept 1974]), and that certain latitude may be afforded (e.g. Haverlin v Gottlieb, 49 Misc 3d 131[A], 2015 NY Slip Op 51750[U] [App Term, 9th & 10th Dists. 2015] [motion providently construed as one to renew]; Bank Trust Natl. Assn. v Dubrowski, 2024 WL 3312482 [Sup Ct, NY County 2024] [court will examine claim under uncited provision as well as cited one]; Matter of J.E.P. v People, 9 Misc 3d 1104[A], 2005 NY Slip Op 51397[U] [Fam Ct, Nassau County 2005] [incorrect caption and minor technical deficiencies in papers excused]).
Even so, "A self-represented litigant acquires no greater rights than any other litigant (see Duffen v. State, 245 AD2d 653, 665 N.Y.S.2d 978; Brooks v. Inn at Saratoga Assn., 188 AD2d 921, 591 N.Y.S.2d 625)" (Greenfield v Gluck, 2003 WL 1961333 [App Term 2d & 11th Dists 2003] [untimely summary judgment motion]). As applied here, that means that plaintiff was required to comply with CPLR 3215 (f)'s provisions with respect to seeking a default judgment. She has failed to so comply, especially with regard to the requirement that there be proof of the facts constituting the claim by affidavit made by the party.
Accordingly, IT IS HEREBY ORDERED that plaintiff Olga Podoplelova's motion for a default judgment against defendants is DENIED.
Dated: February 21, 2025
Hon. Aaron D. Maslow
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:Judicial notice may be taken of reliable documents in the court file (see Caffrey v North Arrow Abstract & Settlement Servs., Inc., 160 AD3d 121 [2d Dept 2022]).

Footnote 2:Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).

Footnote 3:The barebones nature of an unsigned summons with notice alleging a tort is distinguished from a summons with notice in a breach of contract action (cf. Lester & Assoc., P.C. v Alijaj, 82 Misc 3d 1250[A], 2024 NY Slip Op 50583[U] [Sup Ct, Nassau County 2024]).